Ex Parte Tom Young, alias Jack Wade.

No. 3627.   Decided March 22, 1906.

**1.—Habeas Corpus—Special Term District Court—Death Sentence—Statutes Construed.**

Upon articles 1113, 1115 and 1116, chapter 4, Revised Civil Statutes, no business save and except business undisposed of can be transacted during a special term of the district court held under and by virtue of said statutes. But these statutes are amended by chapter 83, page 116, Acts of the Twenty-ninth Legislature, under which last act all matters can be tried at the special term of the district court called thereunder that could be tried at the..regular term, including the passing of death sentence of a defendant who had been convicted of murder at a regular term and appealed and where mandate after affirmance of the judgment came too late to be executed at a previous regular term.

**2.—Same—Constitutional Law—Ex Post Facto.**

The Act of the Twenty-ninth Legislature, chapter 83, page 116, providing for special terms .of the district court is constitutional and not ex post facto.

**3.—Same—Case Stated.**

Where relator applied to the Court of Criminal Appeals for a writ of habeas corpus to suspend sentence, and the record showed that he was indicted and convicted of murder in the first degree in Williamson County and his punishment assessed at death; that he appealed; that the judgment was affirmed and that a mandate issued, which was not, however, delivered to the clerk of the District Court of Williamson County until the regular term had expired; and that thereupon the judge of said court called a special term thereof under the provisions of chapter 83, page 116, Acts of the Twenty-ninth Legislature, for the sole purpose of sentencing relator to death. Held that the judge had such power and the writ was refused. Davidson, Presiding Judge, dissenting.

From the District Court of Williamson County.

Original application for habeas corpus for suspension of death sentence in a murder case passed upon relator during a special term of the district court.

The opinion states the case.

*J. F. Taulbee, Sambo & Shelton,* for relator.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This is an application for the writ of habeas corpus, under the following facts. Applicant was prosecuted in the. District Court of Williamson County under an indictment charging him with murder; and upon the trial was convicted and his punishment assessed at death. He appealed to this court, and the judgment was affirmed at the present term, and a motion for rehearing overruled. See Young v. State, decided at present term. The mandate was issued, but was not delivered to the clerk of the District Court of Williamson County, until the regular term had expired. Thereupon the judge of said district court called a special term of said court, under the provisions of chapter 83, page 116 of the Acts of the Twenty-ninth

Legislature, for the sole purpose of sentencing applicant to death. He applies to this court for the writ of habeas corpus because the district judge of Williamson County cannot call a special term for the sole purpose of sentencing relator.

Article 1113, chapter 4 of the Revised Civil Statute reads: "In any county in this State where it may become necessary in the opinion of the district judge of the district in which said county is situated, on account of an accumulation of business, which cannot be disposed of in the time provided for the regular term of the district court, there may be held a special term or terms of the district court for the transaction and disposition of the accumulated business undisposed of as hereinafter provided for." Article 1115 provides, that the clerk shall make up six notices containing the name, style and number of each case appearing upon the docket of said court. Article 1116 provides, that the sheriff shall post the copy of said notices at six public places, etc. A careful reading of chapter 4 leads to the irresistible conclusion that it does not provide for the holding of a special term for any business save and except undisposed of business. However, applicant insists that chapter 83, page 116, of the Acts of the Twenty-ninth Legislature does not change chapter 4 of the Revised Civil Statutes in reference to the cases that can be tried at the special term. This is not correct. The Acts of the Twenty-ninth Legislature provide for the organization of a grand jury and the trial of new cases. This being true, we take it, that the district judge could call a special session of the district court for the specific purpose of sentencing applicant. The Act of the Twenty-ninth Legislature provides, that nothing herein contained shall be held to repeal any part of the provisions of chapter 4, title 28, of the Revised Civil Statutes of Texas, except so far as the same may be inconsistent with the provisions of this act. Section 1 of the Act of the Twenty-ninth Legislature provides, "When it may become advisable in the opinion of the judge of the district in which any county in the State of Texas may be situated, to hold a special term or terms of the district court therein, such special term or terms may be held." No clause in said act indicates that nothing but old business shall be disposed of at the special term; but every provision of the Act of the Twenty-ninth Legislature shows that any and all matters can be tried at said special term that could be tried at the regular term. The act of 1895 authorizing the special term of the district court of Travis and Williamson Counties, has no application to the question here considered. Nor do we think the act of 1905 is unconstitutional on the ground that the same is ex post facto. We do not see fit to discuss the matter further, but hold that it was clearly within the power granted by the Twenty-ninth Legislature, for the judge to call the special session of the District Court in Williamson County for the specific purpose of sentencing applicant. The application for the writ of habeas corpus is accordingly refused.

*Writ refused.*

HENDERSON, JUDGE.—This is an original application for the writ of habeas corpus. It shows that applicant was convicted of murder in the first degree, and given the death penalty in the District Court of Williamson County, which judgment on appeal was confirmed at a pervious day of this term. The mandate issued and was forwarded to the District Court of Williamson County, which reached there after the adjournment of the regular term of that court. The district judge of the 26th judicial district (including Williamson and Travis Counties) called a special term of the district court for the sole purpose of passing the death sentence on applicant. Applicant contends that the district judge of the 26th judicial district was without authority to call said special term for the purpose of passing such death sentence; and that therefore his action in passing said sentence at the special term was null and void, and he invokes the authority of this court by the writ of habeas corpus to sustain his contention.

It may be stated that in 1895, two acts of the Legislature were brought forward in our Revised Civil Statutes with reference to special terms of the district courts. One was the act of 1879, which was a general act, authorizing all district judges throughout the State to call special terms of their district courts in their respective counties under certain contingencies named in said act. (See articles 1111 to 1119, inc., Revised Civil Statutes.) The other was the act of 1893, which authorized the judge of the 26th judicial district (composed of the counties of Travis and Williamson) to call special terms in the counties composing said district, in accordance with the provisions named in said act, applicable to the said district.

Reviewing these two acts it will be seen that the general act authorizes the district judges throughout the State to call special terms of courts in their respective counties for the purpose of disposing of business on their dockets, both of a civil and criminal character, and appears to have been enacted on account of the accumulated business in the district courts which gave authority to call special terms. The other act related to the 26th judicial district and may be treated as a special act, and gave authority to the district judge of said district to call special terms of his court under the circumstances mentioned in said act for the disposition of civil cases alone. The question arises as between said acts, if there be a conflict, which prevails. We hold that there is a conflict between said acts as to civil cases, and that under the rules of interpretation applicable to the construction of special and general acts, that the special act is paramount, unless there is a manifest purpose by the general act to repeal or nullify the special act. There is no such purpose manifested here. Therefore the special act must prevail as to the disposition of civil cases in the 26th judicial district. Sutherland on Stat. Con., secs. 157, 158, 159; Black Inter. of Laws, page 116; Endlich on Inter. of Stat., secs. 230, 231.

We further hold that there is no conflict between said acts as relates to criminal cases; and the rule being in such case, where there is no

conflict, that said acts are construed in pari materia, consequently the general act remains in force as to the trial and dispostion of criminal cases.

Now in 1905, the Twenty-ninth Legislature (p. 116) passed an act evidently intended to amend the general act of the Revised Civil Statutes of 1895, and especially article 1113, of said act. It may be observed that under the general act of 1895, authorizing special terms, that article 1113 provides, "In any county in this State where it may become necessary in the opinion of the district judge of the district in which said county is situated (on account of an accumulation of business which cannot be disposed of in the time provided for the regular term of the district court) there may be held a special term or terms of the district court (for the transaction and disposition of the accumulated business undisposed of as hereinafter provided for)." The Act of the Twenty-ninth Legislature authorizes, "the judge of the district court, in which a county may be situated, in which it is deemed advisable by such judge that a special term of the courts should be held, may convene such special term of the court at any time which may be fixed by him." This is a re-enactment of article 1113 with the provisions in said act, enclosed in our parentheses above, left out. That is, it will be seen that formerly the judge of the district court could only call a special term for 'the transaction and disposition of the accumulated business undisposed of, while under the new act he is authorized to call a special term *whenever it may become advisable in his opinion.* Other differentials between said general act and the amendment relate to the power of the district judge with reference to grand juries and the disposition of new business. Under the former act no grand jury was authorized, while under the amendment the judge is authorized to empanel a grand jury, and is also authorized at such special term to try cases indicted by said grand jury.

It may also be stated that the Act of the Twenty-ninth Legislature refers to said general act, and indicates that the provisions of said general act inconsistent with said amendment are only repealed: leaving the other portions of said general act standing in connection with the amendment.

We think it will be conceded when a district court is constituted; that is, organzed for a term, general or special, it can do anything which a district court can do, unless restrained by law, either the law of its creation and organization, or some other law. And the question recurs, was the district judge authorized to call the special term at which applicant was sentenced, and did he call and organize it in accordance with the provisions of law on 'the subject. In this connection it may be stated that if the district judge did not have the power to make the call, or in making it some essential provision was omitted by him, that there was want of authority to organize said court; and that its acts were consequently invalid. In other words,

in the call the special act must be pursued. Dunn v. State (Ark.), 35 Am. Dec., 54.

That brings us to the proposition which is the key-note of this case: Did the amended Act of the Twenty-ninth Legislature authorize the judge of that district to call a special term of the court for the purpose of passing sentence of death on applicant. Under the act of 1895, article 1113, it will be seen that the judge during a regular term of the court could order a special term, for the disposition of accumulated business undisposed of. Said case against applicant was business pending in said court, and when the judgment of the court was affirmed by this court, it went back to that court, and stood upon its docket as undisposed of business. However, under that act the judge had no authority, out of term time, to call a special term of his court; but under the amendment of the Twenty-ninth Legislature, the power of the judge was enlarged; and the judge was given more latitude with reference to calling special terms of court. He was empowered by said amendment to call a special term, either in term time, or in vacation, and he was also empowered to call a term not merely for the purpose of disposing of accumulated business already on the docket, but "for any purpose deemed advisable by him." Under the terms of the old law, we believe during a regular term of his court he would have had authority to call a special term to pass sentence on a convicted felon. Under the terms of the new law he was given authority out of term time to convene a special term of the court for any purpose which in his opinion was deemed advisable: relating of course to judicial proceedings in his court. And he was authorized to convene this special term "at any time which may be fixed by him," which of course obviated the provisions in article 1114 providing that he should not call said special term in less than thirty days after the adjournment of the regular term, at which said order was entered. Nor were notices required to be posted for the length of time required in said original general act. The provisions of the amendment authorized the judge to call the special term at any time, and thus obviated the requirements of the general act.

As heretofore stated, this case was pending against appellant. It was undisposed of business pending in his court, and if in the opinion of the district judge it was deemed advisable to call his court together for the purpose of disposing of that case, under the statutes to which we have referred, he had unquestioned authority to do so. Even at such special term called for other business, he would have had authority to have sentenced applicant; or if he had not called it together for the specific purpose, and exercising his jurisdictional power he had convened said court under circumstances deemed advisable by him, he would have had jurisdiction as a court to do and perform any act which a district court could perform, unless prohibited by some law. We hold that the judge had power to convene the special term of his court for the pur-

pose of passing sentence upon applicant and therefore the application for the writ of habeas corpus is denied.

*Writ denied.*

DAVIDSON, Presiding Judge (dissenting).—This is an original application for the writ of habeas corpus. The application shows that applicant was convicted of murder in the first degree, and alloted the death sentence, in the District Court of Williamson County, which judgment was on appeal affirmed at the Dallas Term. The mandate was issued, sent to the District Court of Williamson County, and was there received after the adjournment of the regular term of that court. Hon. V. L. Brooks, judge of the 26th judicial district, composed of the counties of Travis and Williamson, on the 20th of February, 1906, called a special term of the District Court of Williamson County for the sole purpose of passing sentence of death on applicant. This order is in the following language, to wit:

"State of Texas
County of Williamson.  }In Chambers, February 20, 1906.

It having been advisable in the opinion of the undersigned to hold in and for the County of Williamson, a special term of the district court for the 26th judicial district of the State of Texas, such special term is hereby ordered to be convened at the county courthouse of said county in Georgetown, Texas, on February 27, 1906, at 10 o'clock a. m., and to terminate on the same day. Upon receipt of this order, the clerk of said court is directed to issue, under the seal of the court, six notices containing a copy of said order; and also the name and style of the case, viz: Cause No. 6309, State of Texas v. Tom Young, alias Jack Wade, appearing upon the docket of said court, which will be before the court for disposition at such special term. And thereupon to deliver to the sheriff of said Williamson County, Texas, said notices and copies. Upon receipt of said notices and such copies by said sheriff, he is directed to post said copies at six public places in Williamson County, Texas, one of which shall be at the courthouse door of said county, at least five days prior to the 27th of February, A. D. 1906, and to return said original notices to the special term hereby ordered, with his return thereof, stating the manner in which he has executed the same; and the clerk of the court is directed to thereupon enter said notices and return in full in the minutes of the court. In Testimony Whereof, this order has been signed, impressed with the seal of said court, and attested by the clerk in vacation, this the 20th day of February, A. D. 1906." Then follows the official signature of Judge V. L. Brooks, as judge of the 26th judicial district of Texas, with the attestation of the district clerk of Williamson County. The court was convened at 10 o'clock a. m. on February 27, 1906, the sentence of death was pronounced upon applicant, and thereupon the

court, without transacting any further business adjourneα on the same day. A majority of this court, in opinions delivered by Judge Brooks and Judge Henderson, dismissed the writ of habeas corpus holding that the special term was regularly held. From this judgment of my brethren, I most respectfully dissent, and believe it to be my duty to briefly state the reasons why I cannot concur in the opinions rendered.

A brief reference to the legislation upon the subject is considered necessary.

Title 4 of the Revised Statutes of 1895 divides the State into judicial districts and prescribes the times when the regular terms of the district courts shall be held in each county in the State. The 26th district, by said title is composed of the counties of Travis and Williamson. This act provides for two district courts for Travis County, with four terms annually, and for two terms of the District Court of Williamson County. In 1893, an act was passed, providing for the holding of special terms of the district court in the 26th judicial district, whenever, in the opinion of the judge of said district there should be a sufficient number of civil cases pending in the district court of any county in said district in excess of what could be disposed of at the regular term of said court to justify the holding of a special term of said court to try pending civil cases. This act, which was brought into the Revised Statutes, provides for entering the order for the special term upon the minutes of the court, and for giving printed notice through the public press, and also by posting copies of the order in six public places in any county of the district in which court may be held. Revised Statutes, title 28, chapter 4, also provides for the holding of special terms of the district court whenever it may become necessary in the opinion of the district judge so to do. It further provides that the order must be made during a regular term of the court, and that the special term must not begin at an earlier day than thirty days after the adjournment of the regular term. This act provides that the clerk shall enter the order for the special term upon the minutes of the court, and shall then issue six notices, containing a copy of the order of the court as entered, and also the name, style and number of each case appearing upon the docket of said court, which shall be before the court for disposition at such special term. It will be noticed that there is nothing in this act which authorizes the district judge to call a special term for the disposition of any particular class of cases or any single designated case. The duty of preparing the list of cases which will be before the special term for disposition is by the terms of the act, imposed upon the clerk and not the judge. Under the terms of the act, the judge has no more power to determine what case shall be before the special term for disposition than has the sheriff. The act clearly implies that all of the business, whether criminal or civil, then pending and undisposed of

shall be included in the notice required by the provisions of article 1115, Revised Civil Statutes.

The Twenty-ninth Legislature at its regular session passed an act in its nature amendatory of article 28, chapter 4, Revised Statutes. See Acts Twenty-ninth Legislature, page 116. This act provides that, "When it may become advisable in the opinion of the judge of the district in which any county in the State of Texas may be situated, to hold a special term or terms of the district courts therein, such special term or terms may be held." Section 2 of the act provides: "The judge of the district in which a county may be situated, in which it is deemed advisable by such judge that a special term of the courts should be held, may convene such special term of the courts at any time which may be fixed by him. The said judge may appoint jury commissioners, who may select and draw grand and petit jurors in accordance with the law; said jurors may be summoned to appear before said court at such time as may be designated by the judge thereof; provided, that in the discretion of the judge, a grand jury need not be drawn or impaneled." The act further provides that "any person indicted by the grand jury impaneled at a special term of the courts may be placed upon trial at said special term." It further provides: "Nothing herein contained shall be held to repeal any part of the provisions of chapter 4, of title 28, in the Revised Civil Statutes of Texas, except so far as the same may be inconsistent with the provisions of this act."

It will be seen that nothing in this act, under which the special term in question was held, authorized the judge of the district court to call a special term for the trial of any particular case. The calling of a special term of the district court being a special authority conferred upon the judge to accomplish a specific and specified purpose, contrary to the general and regular course of proceedings prescribed by law, and therefore being a special power, every circumstance necessary to its exercise must exist and be made to appear of record: otherwise the power cannot appear to have been regularly exercised, and the special term attempted to be held is a nullity. Dunn v. State, 35 Am. Dec., 66.

A simple reading of the act of 1905 shows that it was the intention of the Legislature that a petit jury should be empaneled at every special term, and this is manifested by the fact that the act leaves it to the discretion of the judge to omit the empaneling of the grand jury. It is a cardinal principle in the construction of statutes that where permissive words, such as "it shall be lawful" or "may" are used in respect to courts and officers, such words are imperative in such cases where the public or individual have a right that a power was conferred, be exercised. Lewis' Sutherland Stat. Cons., sec. 636. Tarver v. Com. Court, 17 Ala., 527; Mitchell v. Duncan, 7 Fla., 13; Reg. v. Adamson, L. R., 1, Q. B. Div., 201; David v. Levy, 119 Ala., 241; 24 So. Rep., 589; Smith's Petition, 5 Pa. Dist. Ct., 465.

Section 5 of the act provides that "Nothing herein contained shall be held to repeal any part of the provisions of chapter 4 of title 28, in the Revised Civil Statutes of Texas, except so far as the same may be inconsistent with the provisions of this act." The act of 1905 does not purport to affect any previous statutory regulations, providing for the holding of special terms of the district courts, except the chapter of the Revised Statutes above specified. The only changes in the Revised Statutes are, as follows: 1. Under the Revised Statutes the special term could only be ordered at a regular term, and could not be called at an earlier date than thirty days after the adjournment of the regular term. No grand jury could be empaneled and no new cases could be brought at such special term. The act of 1905 permits the calling of a special term at any time, and leaves the empaneling of a grand jury to the discretion of the judge, and provides that any person indicted by said grand jury may be tried at said special term. There is no other provision in the act with reference to the trial of new cases at the special term, nor for the disposition of any matter originating after the adjournment of the regular term.

In the opinion filed in this case, Judge Brooks says: "A careful reading of chapter 4 of the Revised Statutes leads us to the irresistible conclusion that it does not provide for the holding of a special term for any business save and except undisposed of business." This is correct, and can have but one meaning; and that is, the business undisposed of at the adjournment of the regular term. In the case at bar, sentence of death could not have been passed upon applicant at the adjournment of the regular term of Williamson County, for the reason that his case was pending on appeal in this court. Judge Brooks further says: "The Act of the Twenty-ninth Legislature provides for the organization of a grand jury and the trial of new cases. This being true, we take it, that the district judge could call a special session for the specific purpose of sentencing applicant." I want to confess my inability to appreciate the force of this reasoning, and it is fallacious: unless a power can be exercised by the district judge not conferred upon him by the statutes. Under the Revised Statutes, chapter 4, title 28, no new business could be disposed of, and under the Act of the Twenty-ninth Legislature, no power is given to the court at a special term to try any new case, except the trial of persons indicted by the grand jury, empaneled at such special term. When the judge issues his order for the holding of a special term of the district court designating the time when such special term shall convene and the length of time deemed necessary for the holding of said term, all the authority conferred upon the judge by the statutes has been exhausted, and he has no power to designate the case or cases which shall come before the special term. The Legislature has not seen fit to confer this power upon the judge, but has directed the clerk to prepare and furnish to the sheriff a list of the cases on the docket which will be before the special term for disposition. A judge sitting as a court

may lawfully render a judgment, but he cannot issue an execution to enforce it, because the latter duty is imposed by law upon the clerk.

If it was intended by the Act of the Twenty-ninth Legislature to confer upon the district judge the power to convene a special term of the district court for the sole purpose of passing the sentence of death upon a wretch already doomed to die, then all that was intended by the special term was to hasten by a few days or weeks the execution of the convict; then, I say, that section 6 of the act, which declares, that "The crowded condition of the docket of the district court in many counties on account of the shortness of the time fixed by law create an emergency and an imperative public necessity, that the constitutional rule requiring bills to be read on three several days be suspended and that this bill be passed and take effect immediately after its passage, and it is so enacted," is a mockery. It cannot be supposed that the authors of the bill regarded the hastening of the execution of a convict by a few days or weeks as an imperative public necessity.

So far I have discussed this case with reference to the general law regulating the holding of special terms of the district court, but to my mind, the provisions of title 4, article 22, Revised Statutes, apportioning the State into judicial districts, is conclusive of this case. The 26th judicial district, as stated before, is composed of the counties of Travis and Williamson; with two district courts in Travis County, with four terms each, and two terms in Williamson. The act provides: "Whenever in the opinion of the judge of the 26th judicial district, there shall be a sufficient number of civil cases pending in the district court of any county of said district in excess of what can be disposed of at the regular term of said court to justify the holding of a special term of said court to try pending civil cases, the judge of the said district shall have power to order and hold from time to time special terms in said county, *for the trial of such pending civil cases alone.*" The order for the special term may be made either in term time or in vacation. The act further provides for the giving of notice of such special term, differing in many essentials from the notice required by article 1115, Revised Civil Statutes, embodied in title 28, chapter 4. This being a special provision for the holding of special terms of the district court in the 26th judicial district, by all recognized rules of construction, will control the general provisions of the statute upon the same subject; and such special provisions are not repealed or modified by subsequent changes in the general law, unless the legislative intent to repeal or modify the special provisions is manifest. Mr. Sutherland says: "It is a principle that a general statute without negative words will not repeal by implication from their repugnacy the provisions of a former one which is special, local, or particular, or which is limited in its application, unless there is something in the general law or in the course of legislation upon its subject matter that makes it manifest that the legislature contemplated and intended a repeal. 'It is the established rule of construction that the law

does not favor a repeal by implication, but that where there are two or more provisions relating to the same subject matter they must, if possible, be construed so as to maintain the integrity of both. It is also a rule that where two statutes treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter, although latest in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject matter as far as coming within its particular provisions. A special statute providing for a particular place, or applicable to a particular locality, is not repealed by a statute general in its terms and application, unless the intention of the legislature to repeal or alter the special law is manifest, although the terms of the general act would, taken strictly and but for the special law, include the case or cases provided for by it.' " Lewis' Sutherland Stat. Const., section 274, notes 92 and 93 for a great number of cases collated from practically every State in the Federal Union, including some from our own State.

Nowhere has this rule of construction been more steadily adhered to than in this State, and by this court. Reference to a single case decided by this court, in which Judge Brooks and Judge Henderson delivered the opinion, is deemed sufficient; for in those opinions they collate some of the decisions delivered by the appellate courts of this State. Ex parte Keith, 11 Texas Ct. Rep., 501. Jim Keith was arrested for violating the local option law in Erath County, and applied to the Presiding Judge of this court for the writ of habeas corpus. The writ was granted, and made returnable to the full court, where the matter was heard upon an agreed statement of facts. Judge Henderson, says: "The real question here involved is, whether the Terrell Election Law, which requires notices of all elections to be posted for twenty days in all precincts of the territory where an election is held, or whether the local option election law, which requires five notices to be posted for twelve days in the territory to be affected, applies. That is, whether the Terrell Election Law supersedes and annuls the local option election law on this subject. As incident to this a larger question is embraced; that is, whether the Terrell Election Law repeals by implication the provisions of our local option law regulating elections for that purpose regardless of whether those provisions be with reference to the mode and manner of holding elections or matters preliminary thereto. It is conceded that the Terrell Election Law is later in point of time than the local option law. It is also conceded that, if the later law effects a repeal, it is not by expression but by implication. No one will dispute the proposition that repeals by implication are not favored. The rule on this subject is well stated in Harold v. State, 16 Texas Crim. App., 158." The same question is presented in the case at bar as this: is the special provision for holding special terms of the district court in the 26th judicial district repealed or modified by the act of 1905. In Ex parte Keith, supra, Judge Brooks

cites numerous authorities in support of the proposition that repeals by implication are not favored, and he says, "In fact, the latter authorities *cited seem to hold without qualification that a subsequent general statute will not repeal a pre-existing special law.*" And in support of this proposition many authorities are cited by Judge Brooks. And in the same case, Judge Henderson says, further: "No one will dispute the proposition that repeals by implication are not favored. As a corollary to the above rule, and lending strength in its application to this case, I desire to state two other propositions: 1. That while a general law will repeal a special law even by implication, the intent of the Legislature to repeal the special act by the general act must be placed beyond any reasonable question. On this subject, I quote from the text of Sutherland on Statutory Constructions, sections 157, 158, and 159, citing numerous authorities in its support: 'It is a principle that a general statute, without negative words, will not repeal by implication from their repugnancy the provisions of a former one which is special or local, unless there is something in the general law or in the course of legislation upon its `subject matter that makes it manifest that the legislature contemplated and intended a repeal. * * * The general law can have full effect beyond the scope of the special law, and, by allowing the latter to operate according to its special aim, the two acts can stand together. Unless there is plain indication of an intent that the general act shall repeal the other, it will continue to have effect, and the general words with which it conflicts will be restrained and modified accordingly. * * * These interpretations harmonize with the rule that, when a general intention is expressed, and also a particular intention, which is incompatible with the general one, the particular intention shall be considered an exception to the general one.' Mr. Black, on this subject, uses the following language: 'This rule is founded upon or expressed by the maxim *generalia specialibus non derogant.* Thus, when the provisions of a general law applicable to the entire State are repugnant to the provisions of a previously enacted special law, applicable to a particular locality only, the passage of such general law does not operate to modify or repeal the special law, either wholly or in part, unless such modification or repeal is provided for in express words or arises by necessary implication. A local statute enacted for a particular municipality, for reasons satisfactory to the Legislature, is intended to be exceptional and for the benefit of such municipality. It has been said that it is against reason to suppose that the Legislature in framing a general system for the State intended to repeal a special act which the local circumstances made necessary.' The application of the above rule is made manifest when it is considered that the Terrell Election Law is, general in its scope, covering the entire State, and the local option election law is special in its character, relating only to localities voting on the question of local option." And to the same effect is Ex parte Kimbrell, 83 S. W. Rep., 382.

The rule should apply with greater force to the present case, for the reason that special terms for the trial of criminal cases could not be held in every county in the State. The district courts of Dallas, Harris and Galveston Counties have no jurisdiction in criminal cases. The criminal district court for Galveston and Harris Counties was created in 1870, and preserved by the present Constitution. The Dallas Criminal District Court was created in 1893. By the act of its creation, all criminal jurisdiction is taken away from the District Courts of Dallas County. The acts regulating the jurisdiction of both these criminal district courts are brought into the Revised Statutes of 1895. The act of 1879 authorized all district judges throughout the State to call special terms of the district court. The act of 1893, applicable alone to the 26th judicial district, limited the purpose for which special terms in that district can be held *"to the trial of civil cases alone."* Both acts are brought into the Revised Statutes of 1895, not as new enactments, but as continuations of pre-existing laws, and must be construed under the revision just as they were before. Lewis' Sutherland Stat. Constr., sec. 281 and notes. I respectfully submit that there is nothing in the act of 1905, which indicates an intent on the part of the Legislature to repeal or modify the act regulating the holding of special terms of the district court in the 26th judicial district.

Mr. Sutherland says: "Where there is no express repeal none is presumed to be intended, and the effect of a new statute in conjunction with other statutes with reference to established institutions, systems and policies is always in view. It is presumed that there is no intention to affect them any further than the plain terms of the new statute may require." Lewis' Sutherland Stat. Constr., sec. 487; and note 51 for collation of authorities. The Act of the Twenty-ninth Legislature clearly evinces the fact that the Legislature did not intend to repeal or in any manner affect the special act relating to Travis and Williamson Counties, for it is expressly provided in section 5, that "Nothing herein contained shall be held to repeal any part of the provisions of chapter 4 of title 28, Revised Civil Statutes of Texas, except so far as the same may be inconsistent with the provisions of this act." This clearly demonstrates the legislative mind and intent to limit the repealing efficacy of this act to the general laws as found in chapter 4, title 28; and the further limitation is placed upon it, that the two acts must be inconsistent and only to that extent is a repeal indicated. There is no reference in the Act of the Twenty-ninth Legislature to the special act in regard to the 26th judicial district, or of Travis and Williamson Counties. Nothing could be, in my judgment, more entirely clear as to the legislative intent than this language conveys. But the Legislature did not let the matter rest even on this clear and unequivocal enunciation of their purpose and intent. They did not embody a clause or insert any language conveying the idea that it was their purpose to repeal the special act with reference to Travis

and Williamson Counties, by omitting entirely from the last act, the clause usually found where a repealing purpose was intended, to wit: "that all laws or parts of laws in conflict with the provisions of this act are hereby repealed." If words convey ideas or language characterizes anything, then it would be more than difficult to find a clearer enunciation, than as found in section 5, supra, that the Legislature did not intend to change, amend or repeal the special act relating to Williamson County. By its express language, the Act of the Twenty-ninth Legislature is limited to the general act found in title 28, chapter 4, specifically and by direct nomination. 26 Amer. & Eng. Ency. of Law, page 733; notes 3, 4, and 5.

The act of the Legislature, approved January 28, 1848, incorporating the city of Laredo, gave it the right to establish and regulate ferries in the following terms, "Sec. 5. Be it further enacted. That the said mayor and aldermen shall be invested with the following powers, viz: * * * Thirdly. They shall have authority to establish ferries; fix the rates, fees and rents for the same, * * * and sell and dispose of any property belonging to the city, for the benefit thereof." "It is insisted by appellees (but, so far as we can see, without the slightest foundation for such an assumption), that the authority conferred upon the city by this charter has been subsequently revoked and committed to the county court. (Paschal's Dig. art. 3841, etc.) The act upon which appellees rely to revoke the power given the city, is the general act to regulate ferries. But there is no allusion in it to the act incorporating the city of Laredo, or to the power conferred by it upon the mayor and aldermen to establish ferries within the corporate limits. It is too well settled, that a general law does not by implication, repeal a special one, although both relate to the same subject matter." City of Laredo v. Martin, 52 Texas, 561. This opinion was delivered by Chief Justice Moore.

By every rule of construction heretofore announced in this State, the act of 1893 limited the powers of the judge of the 26th judicial district to call a special term of district court for that district, except for the *"trial of civil cases alone,"* is in full force unrepealed and unmodified by the act of 1905, or any other statute upon the subject. It therefore follows that, in my judgment, the special session of the District Court of Williamson County, at which the sentence of death was passed upon the applicant was held without authority of law, and that the act of the judge was not judicial but was absolutely null and void.