### JESUS VALDEZ v. THE STATE.

No. 2651.   Decided October 22, 1913.

**1.—Rape—District Court—Special Term—Constitutional Law.**

The Act of the Legislature authorizing the district judge to call a special term of the District Court is constitutional. Following Ex parte Young, 49 Texas Crim. Rep., 536, and other cases.

**2.—Same—Continuance.**

Where the application for continuance did not state what the defendant expected to prove by the alleged absent witnesses, but simply alleged that he might desire to use them, the same was insufficient in law.

**3.—Same—Child Witness—Discretion of Court.**

Where the alleged prosecutrix was nine years of age, and upon examination by the court, found to be competent to testify, there was no error. Neither was there error in the court's failure to submit this question to the jury.

**4.—Same—Evidence—Res Gestae—Declarations by Prosecutrix.**

Upon trial of rape, there was no error in admitting in evidence the declarations of the prosecutrix made not more than fifteen or twenty minutes after the alleged offense, and while she was still laboring under the excitement of the incident.

**5.—Same—Argument of Counsel.**

Where the remarks of district attorney were improper, but not of that harmful nature under the facts of the case which would require a reversal, there was no error.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of rape upon a female under the age of consent, the evidence sustained the conviction, there was no error.

Appeal from the District Court of Frio. Tried below before the Hon. J. F. Mullally.

Appeal from a conviction of rape; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

*Mason Maney,* for appellant:

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, Judge.—Appellant was prosecuted and convicted of rape, and his punishment assessed at imprisonment in the penitentiary for life.

A special term of the District Court was called by District Judge Mullally, at which appellant was indicted, tried and convicted. Appellant in proper motions and bills of exception assails the order calling the special term of the District Court, drawing and empaneling the grand jury, and empaneling the special venire of jurymen before whom he was tried. He contends that the Act of the Legislature authorizing a judge to call a special term of court is unconstitutional. All these questions have been decided adversely to appellant's contention in Ex parte Young, 49 Texas Crim. Rep., 536; Ex parte John Boyd, 50 Texas Crim. Rep., 309, and McIntosh v. State, 56 Texas Crim. Rep., 134.

The next bill complains of the action of the court in overruling his application for a continuance. The motion does not meet the requirements of the Code; in fact, appellant's counsel in an unsworn application states he can not make a statutory showing. Under such circumstances we would not feel authorized to review the action of the trial court, as in the motion for a continuance nor in the motion for a new trial is it stated what appellant expects to prove by the witnesses he states *he may* desire to use. It is made clear that the witnesses named in the application could know nothing of the immediate transaction for which appellant was being prosecuted.

The girl alleged to have been assaulted was only nine years old. Upon objection being made to her being permitted to testify, she was examined by the court, and under its direction, and the court held her competent to testify. We have read the testimony on this examination and do not think the court erred in so holding. She gave a clear, concise recital of the events transpiring, and was fully informed that she would be punished if she swore falsely. Neither did the court err in refusing the special instructions requested in regard to this girl's testimony. As to whether she was a competent witness was a matter for the court to decide, and this issue should not have been submitted to the jury.

The girl went to her uncle's (the appellant) after some plates. While there she says he raped her. She started home at once, and on the way was met by her mother. The girl was still laboring under the excitement incident to the commission of the offense, and then and there detailed to her mother the entire transaction, and on the trial of this case her mother was permitted to testify to what her daughter told her. We think it clearly res gestae and admissible. Not more than fifteen or twenty minutes had elapsed according to the girl's testimony, and her

mother would still have her laboring under the excitement incident to an offense of this character. .

The remarks of the district attorney that we should have speedy trials and prompt convictions, or mob law will be the result, was improper, but not of that harmful nature under the facts in this case which would necessitate a reversal thereof. The other remarks complained of, no charge was requested of the court in regard thereto, and under such circumstances we do not deem it necessary to comment thereon.

We have taken each of appellant's bills of exception, although they were not filed within the time permitted by law, and we do this for the reason that appellant was sentenced to imprisonment for life in the penitentiary, and the attorney who defended him was doing so under appointment by the court, receiving no compensation for his services. Mr. Maney is to be commended for the able defense he made under such circumstances, but after a careful review of the record we are of the opinion no reversible error is shown in the record. The criticisms of the court's charge are without merit. .

The judgment is affirmed.

*Affirmed.*