# DECEMBER, 1924.

BUBADOO HENNINGTON v. THE STATE.

No. 8753.    Delivered Dec. 17, 1924.

Rehearing denied June 24, 1925.

1.—Rape—Bill of Exceptions—Incomplete—No Error Presented.

Where appellant complains that he was not permitted to prove the general reputation of W. J. Scarbrough for truth and veracity, and the bill does not show that Scarbrough was a witness in the case, nor in what way such reputation was material, no error is presented. See Britt v. State, 21 Tex. Crim. App. 221, and other cases cited.

2.—Same—Evidence—General   Reputation—For   Chastity—Held   Not   Admissible.

In the instant case, prosecutrix being shown to be about thirteen years of age, proof of her general reputation for chastity was not admissible, on the issue of veracity; following McCray v. State, 38 Tex. Crim. Rep. 611, nor was such testimony admissible to show that she was of a previous unchaste character. Following Norman v. State, 89 Tex. Crim. Rep. 330, and other cases. Underhill on Crim. Ev. 3d Sec. 621.

3.—Same—Evidence—Bill of Exception—Must be Comprehensive.

Where a bill of exception complains of the admission of testimony, without embracing any of the surrounding facts enabling the court to determine that the testimony was not made admissible by some phase of the evidence or conduct of the case, no error is presented.

4.—Same—Continued.

And so to the bill complaining that appellant was not permitted to ask prosecutrix whether at the time of the trial she was in family way, the answer expected not being disclosed by the bill.

5.—Same—Witness—Competency of—Determined by Court.

Where the competency of a witness is challenged, either on the ground of tender age or lack of understanding, and the trial court has retired the

jury and examined the witness touching the issue, the action of the court in permitting such witness to testify will not ordinarily be disturbed. The burden of showing incompetency is upon the appellant. Primarily the matter of competency is to be determined by the court, but there may be cases where on conflicting evidence, a jury question might arise. See collation of authorities in opinion.

### 6.—Same—Motion for New Trial—Postponement of Hearing—Properly Refused.

Where on the hearing of the motion for a new trial, and when same was nearly concluded, appellant asked for a postponement to secure the attendance of a witness who had testified on the trial for the State, and whom appellant presented would retract her testimony, there being no diligence shown to secure the presence of such witness, no error is shown in denying such postponement.

### 7.—Same—Witness—Impeachment of—Properly Permitted.

Where a witness who had secured a statement from prosecutrix and her mother exculpating appellant and denying their testimony given before the grand jury on cross-examination, for purpose of impeachment, denied that he knew or had heard that any one who would secure such statements would receive $100, testimony impeaching him on this predicate was properly admitted. The motives which operate on the mind of a witness when he testifies are never regarded as immaterial or collateral matters. See Branch's Ann. Tex. P. C. 163.

### 8.—Same—Jury—Selection of—Challenge for Cause.

Where appellant complains of the refusal of the court to sustain his challenges for cause directed to certain veniremen, but it does not appear from his bill that any of the challenged veniremen sat on the jury, or that·he was in any way prejudiced by the overruling of such challenges, no error is presented. Following James v. State, 167 S. W. 727, and other cases.

### 9.—Same—Jury—Selection Of—Retiring Venireman—Should be Done.

While it is better practice in the examination of special veniremen to retire them from the jury room, and have them called, and examined separately, appellant's bill complaining of the refusal of the court in the instant case, does not disclose such injury or prejudice to him as would authorize a reversal. See Streight v. State, 62 Tex. Crim. Rep. 453 and other cases.

### 10.—Same—Impeaching Testimony—Failure to Charge on—Not Error.

We do not believe that it was error for the court in his charge to fail to limit the impeaching testimony directed to the witness Owens. It was not such testimony as could have been appropriated by the jury for other than impeaching purposes. Under such circumstances this court has held that a limitation of the testimony in the charge is not required. See Brown v. State, 24 Tex. Crim. App. 170. Branch's Ann. Tex. P. C. Sec. 180 and cases collated.

Appeal from the District Court of Bastrop County. Tried below before the Hon. R. J. Alexander, Judge.

Appeal from a conviction of rape; penalty, ninety-nine years in the penitentiary.

The opinion states the case.

*J. F. Hair,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is rape; punishment fixed at confinement in the penitentiary for a period of ninety-nine years.

The indictment contained two counts: one charging force, and the other non-age of the female. The latter count alone was submitted to the jury.

Nora Erwin, the prosecutrix, a girl about thirteen years of age, gave evidence showing the commission of the offense. Her sister, gave like testimony. Both of these witnesses claimed that the rape was accomplished by assault. The occurrence was reported at the home of the prosecutrix. There was evidence that appellant fled the county. This he explained in his testimony by the statement that his father advised him to leave in order to avoid mob violence.

Both of the witnesses above mentioned made to a notary, under oath, a statement retracting their previous inculpatory statements against the appellant which they had made to the sheriff. On the trial, however, they gave evidence of guilt in accord with their first declarations.

Appellant, by his testimony and that of his witnesses, presented the theory of alibi. He also denied in toto any connection with the transaction.

The bill complaining of the refusal of the court to receive from the witness Fleming the statement that he was acquainted with the general reputation of W. J. Scarbrough for truth and veracity in the community in which he resided does not reveal error. We are unable to learn from the bill that Scarbrough was a witness or that his testimony had been attacked; nor does the bill show what Fleming's reply would have been to the question propounded. In these particulars the bill is incomplete. Conger v. State, 63 Texas Crim. Rep. 312. It may be inferred from the reasons given by the appellant in the bill for complaining of the court's action that as between Scarbrough and some other witnesses there was some contradiction. Granting this, the reputation of Scarbrough in the respect mentioned would not thereby become admissible. Britt v. State, 21 Texas Crim. App. 221, and numerous other cases cited by Mr. Branch in his Ann. Texas P. C., Sec. 184, subdivision 2.

The offer of the appellant of evidence to the effect that the general reputation of the prosecutrix for chastity in the community in which she lived was bad was properly rejected. It was not relevant upon the issue of veracity upon which it was offered. McCray v. State, 38 Texas Crim. Rep. 611; and other cases cited by Mr. Branch in his Ann. Texas P. C., p. 116, Sec. 184, subdivision 9.

There was no question of consent of the prosecutrix involved. She was under fifteen years of age. Had she been above that age, her previous unchaste character might have been an issue, but if so, it would not have been provable by reputation. See P. C., Art. 1063; Norman v. State, 89 Texas Crim. Rep. 330, and authorities collated on p. 333. See also Underhill on Crim. Ev., 3rd Ed., Sec. 621.

The bill complaining of the testimony to the effect that the father of the prosecutrix, after learning of the assault, armed himself and made search for the appellant and his companion does not show error. It embraces no surrounding facts enabling the court to determine that the testimony was not made admissible by some phase of the evidence or conduct of the case.

These remarks are likewise applicable to the bill revealing that the appellant was not permitted to ask the prosecutrix whether at the time of the trial she was in a family way. The answer expected is not disclosed by the bill.

The court, upon the request of counsel, retired the jury and conducted an inquiry in which he determined that the prosecutrix had sufficient intelligence to give testimony as a witness. The witness in question was about thirteen years of age. She had gone to school but was not able to read and write. She had no understanding of such words as "the pains and penalties of perjury" and "binding conscience by an oath." The word "falsehood" was not comprehensible to her, but she understood what it meant to tell the truth and to tell a lie. The statute, Art. 788, C. C. P., includes among those who are incompetent to testify insane persons, felons, and children, who after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath. The age of the prosecutrix, so far as the record shows and her general demeanor were such as prima facie made her a competent witness, and the burden of showing incompetency was upon the appellant. Batterson v. State, 52 Texas Crim. Rep. 381. Primarily the matter of competency is one to be determined by the court. Vernon's Texas Crim. Stat., Vol. 2, p. 700, note 13, and cases cited; Holst v. State, 23 Texas Crim. App. 1; 59 Am. St. Rep. 770; Streight v. State, 62 Texas Crim. Rep. 453; Valdez v. State, 71 Texas Crim. Rep. 487. See also Wharton's Crim. Ev., Vol. 1, p. 719, sec. 357; Charles v. State, 81 Texas Crim. Rep. 457; Carter v. State, 87 Texas Crim. Rep. 299; Ruling Case Law, Vol. 28, p. 449, sec. 36, and p. 451, sec. 38; State of Washington v. Pryor, 46 L. R. A., (N. S.) p. 1029, note; Mills v. Cook, 57 S. W. Rep. 81. Doubtless, upon some states of fact or conflicting evidence, a jury question might arise as to the competency of a witness. See Branch's Ann. Texas P. C., Sec. 854; Vernon's Texas Crim. Stat., Vol. 2, p. 699.

On the testimony in the present case, as developed by the bill of exceptions, we fail to perceive any abuse of the discretion of the court in holding the witness competent, or in refusing to make the question of her competency the subject of an instruction in his charge. The witness was not old and was ignorant, but possessed knowledge that it was both morally and legally wrong to lie; that such conduct was likely to result in punishment. She was able to give a connected relation of the facts within her knowledge. See Mason v. State, 2 Texas Crim. App. 192; Hawkins v. State, 27 Texas Crim. App. 273; Parker v. State, 33 Texas Crim. Rep. 111; Partin v. State, 30 S. W. Rep. 1067; Munger v. State, 57 Texas Crim. Rep. 384; Zunago v. State, 63 Texas Crim. Rep. 58; Finch v. State, 71 Texas Crim. Rep. 325; Valdez v. State, 71 Texas Crim. Rep. 487; Smith v. State, 73 Texas Crim. Rep. 273; Cole v. State, 73 Texas Crim. Rep. 457; Douglas v. State, 73 Texas Crim. Rep. 385; Brown v. State, 176 S. W. Rep. 50.

The action of the court in refusing to postpone the hearing of the motion for new trial, as explained in the qualification of the bill, shows no error. According to the court's statement, explaining the bill, the request was made when the hearing was virtually over, and the postponement was sought to obtain a witness to prove an alleged fact, the knowledge of which the appellant and his counsel had information in advance of the calling of the motion; and the failure to take earlier action to secure the attendance of the witness must be attributed to a lack of diligence. The witness sought was a woman who had testified upon the trial to the presence of blood upon the person of the prosecutrix which was observed soon after the alleged assault. On the day before the hearing of the motion, she, according to the motion, told the appellant's counsel that the testimony given by her upon the trial was untrue; that in fact she had made no examination; that she gave her testimony in fear of her husband; that she wanted to tell the truth on the hearing of the motion; that if subpœnaed she would still be in fear of her husband but if counsel sent an automobile for her, she would voluntarily come to court; that she had failed to comply with his agreement.

The witness Edgar Owens testified upon behalf of the appellant that at the solicitation of one Clark, he had gone to the home of the prosecutrix to get a statement from her and her sister for which service he had been paid five dollars. The witness detailed his visit, his conversation with the prosecutrix, her sister and the mother of the two girls, his reduction of their statement to writing and taking their affidavits thereto. Upon his testimony a statement contradictory of their previous statements to the sheriff and others and their testimony given upon the trial, was introduced in evidence. On cross-examination, Owens said that he went several miles in company with Scarbrough to get the statement. Owens, in addition to

being a notary public, was a constable. On cross-examination he said that he had not heard that there was a reward of $100.00 for any one who would get such a statement as he had obtained from the girls. He replied that he had not heard of such a statement; that if he had, he would have been foolish to have accepted the five dollars. He said that he had no knowledge that the law only authorized him to collect fifty cents as a notary public. A predicate was laid to prove by Perkins and several other witnesses that Owens claimed to have heard that there was a reward of $100.00 to get a·statement; that in a conversation in the sheriff's office in the presence of witnesses Owens admitted the knowledge of such a statement.

Complaint is made of the fact that after laying this predicate, witnesses were introduced who testified that Owens did admit that before taking the statement, he knew that a reward of $100.00 had been offered for obtaining it, or at least, that he had heard that such report had been made and in the same connection, he testified that at the time of laying the predicate Owens said that he had heard of the statement but had only received five dollars. Objection is urged that this impeachment was upon an immaterial matter. The motive and animus controlling or inspiring the conduct and testimony of the witness Owens were not immaterial. Summarizing the many authorities which are cited by Mr. Branch in his Ann. Texas P. C., Sec. 163, this statement is used:

"The motives which operate upon the mind of a witness when he testifies are never regarded as immaterial or collateral matters."

In a number of bills of exception complaint is made of the refusal of the court to sustain the appellant's challenges for cause made against several of the veniremen. Inasmuch as it is not made to appear from the bills that either of the veniremen embraced in the challenges sat upon the jury or that in any manner the appellant was prejudiced by the failure of the court to hold the veniremen disqualified, no error was committed. James v. State, 167 S. W. Rep. 727; Myers v. State, 177 S. W. Rep. 1167; Vernon's Texas Crim. Stat., Vol. 2, p. 903, subdivision 22.

Appellant requested the court to retire the special venire from the court room in order to permit each venireman to be examined on his voir dire in the absence of all the others. Unless there was some compelling reason for the refusal, the request should have been granted. Streight v. State, 62 Texas Crim. Rep. 453; Crow v. State, 89 Texas Crim. Rep. 159. To work a reversal, however, it would be necessary to make it appear that by the refusal the appellant's rights were abridged, his defense prejudiced or that in some manner injury resulted. As presented by the bill, all that· appears is that appellant told the court that he desired to interrogate the veniremen with reference to their relations with certain secret organizations and feared that such inquiry might inure to his prejudice if made in

the presence of the veniremen to whom the questions were not directed. It is believed that this general statement would not warrant this court in concluding that prejudice or injury to his case resulted. Some more specific information as to what was the nature of the inquiry and what consequences, if any, followed directly the failure of the court to facilitate the asking should have been given. If there was probability of injury, it would seem that the matter might have been made more specific in the bill or that it might have been aided by the development of the facts upon the motion for new trial. As stated in the cases mentioned above, unless the circumstances rendered it impracticable, such a request ought not to be denied. It is not difficult to comprehend that the failure to pursue the practice suggested might, in a given case, bring unnecessary constraint upon the accused or his counsel in pursuing inquiries requisite to forming a satisfactory conclusion with reference to selecting the jury.

Against the charge of the court several criticisms are addressed which, in our judgment, are untenable. The charge of the court was specific and definite to the point that it was essential that the State prove penetration. The evidence upon the subject was undisputed. Appellant presented no such defensive theory but relied entirely upon the denial of his presence or participation in the offense. An adequate charge upon alibi was embraced in the main charge. The testimony introduced to impeach the witness Owens, to which we have adverted, was not such as could have been appropriated by the jury to any other than for impeaching purposes. Under such circumstances this court has uniformly held that a limitation of the testimony in the charge is not required. See Brown v. State, 24 Texas Crim. App. 170; Branch's Ann. Texas P. C., Sec. 180, and cases collated.

Failing to find any error authorizing a reversal, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, Judge.—We have examined appellant's motion for rehearing. The questions raised were carefully considered upon original submission, and we feel sure were properly decided.

The motion for rehearing is overruled.

*Overruled.*