### DIKE KELLY V. THE STATE.

No. 10009.   Delivered December 8, 1926.

1.—Theft a Misdemeanor—Charge of Court—Harmless Error.

Where, on a trial for theft of over $50, the jury returns a verdict of guilty of theft under $50 in value, requested charges to acquit of the higher offense, unless the jury were satisfied that the money stolen was of more than $50 in amount, which were refused, would present harmless error.

2.—Same—Bill of Exception—Incomplete—No Error Presented.

Where appellant complains of the cross-examination of his wife, who testified in his behalf on matters not brought out on her direct examination, and his bill fails to show what the examination-in-chief was, and there is nothing in the bill which shows whether or not the cross-examination was

germane to the examination-in-chief, such bill is incomplete, and as presented shows no error. ·Following Hennington v. State, 274 S. W. 599, and Rodriguez v. State, 286 S. W. 226.

**3.—Same—Evidence—Impeaching Wife—Improper.**

Where appellant's wife had testified in his behalf, it was error to permit the state to prove by her on cross-examination that she had visited houses with bad reputation with appellant before their marriage. It is not proper to impeach a witness by showing that she had remained a night or two at a hotel or a place of questionable reputation, or that such witness associated with lewd women or kept bad company. Following Ballard v. State, 71 Tex. Crim. Rep. 587; Holsey v. State, 24 Tex. Crim. Rep. 42.

Appeal from the District Court of Hopkins County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction of theft under $50, penalty a fine of $50 and nine months in the county jail.

The opinion states the case.

*Grover Sellers* of Sulphur Springs, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Hopkins County for theft of property under the value of $50, and his punishment assessed at confinement in the county jail for nine months.

The record discloses that the appellant was charged by indictment with the theft of $50.25 in money from one W. A. Beckham on or about the 18th day of April, 1925. The indictment was returned by the grand jury at the August term, 1925, of the district court. Briefly stated, it was the contention of the state that the appellant, on the night of the alleged offense, went to the home of the prosecuting witness, Beckham, and took with him a Miss Jewel Brandenburg, who afterwards became his wife; and that while said parties were at the home of the prosecuting witness and during the approach of a storm, the appellant stole a purse from the trousers of the prosecuting witness. The record further discloses that the prosecuting witness was a blacksmith and was living alone in said house at the time in question, and he testified that he had retired when the appellant was admitted to the house, that there was no light in the house while the appellant and Miss Brandenburg were there, and that immediately after their departure he discovered the loss of his money. While the appellant failed to testify in his own behalf, his wife testified that she and the appellant, upon

seeing the approach of a storm, went to the home of the prosecuting witness and the appellant asked permission to stay there until the rain or storm was over; that while they were there she and appellant stood in the doorway, with the appellant holding her arm; and that immediately after the storm was over they proceeded on their journey. This is a sufficient statement of the facts and issues involved for the discussion of the questions in this record.

In bills of exception 1 and 2 the appellant complains of the refusal of the court to sustain his challenge to the array of grand jurors, based upon the affidavit of one J. H. Davis questioning the validity of the organization of the grand jury by reason of the court's conduct in striking certain names from the list of grand jurors selected by the jury commissioners, and complains of the refusal of the court to sustain a motion to quash the indictment for the same reason. This court, in the case of Gentry v. State, No. 10000, opinion delivered by Presiding Judge Morrow on November 10, 1926, yet unpublished, held against the appellant's contention on this issue, and therefore it becomes unnecessary for us to go into a detailed discussion of the questions raised in these bills. The indictment in the Gentry case, similar to that in the instant case, alleged an offense committed prior to the convening of the grand jury in question and the points discussed there are applicable to the issues raised in the instant case.

The appellant, in many bills of exception, complains of the refusal of the court to charge the jury, in effect, that if the evidence showed that the money alleged to have been stolen from the prosecuting witness was not in the amount of $50.00 or over, to acquit the appellant of felony theft. These questions and issues pass out of the case on account of the jury having returned a verdict finding the appellant guilty of theft of money less than $50.00.

In bill No. 12 complaint is made to the action of the court in permitting the state, on cross-examination of the appellant's wife, to have her testify that the appellant took her to the Brooks Hotel in Greenville, then to Dallas, then back to Sulphur Springs, etc. The appellant contends that the matters involved in said cross-examination were not brought out on examination-in-chief by the appellant and that the state was thereby attempting to prove, by appellant's wife, flight on his part. This bill fails to show what the examination-in-chief was, and we are not advised from the bill whether or not the cross-examination was

germane to the examination-in-chief; for that reason, the bill is defective and, as presented, shows no error.   Hennington v. State, 274 S. W. 599; Rodriguez v. State, 286 S. W. 226.

In bills of exception 13, 14, 15 and 16 complaint is made to the action of the court in permitting the state, on cross-examination of the appellant's wife, to have her testify that she did not know the reputation of the Brooks Hotel in Greenville or that of the place where she stayed in Sulphur Springs, and in permitting the state to show by certain state's witnesses that they were acquainted with the general reputation of said places, and that the above hotel had the reputation of being a bawdy house and that the Sparkman House in Sulphur Springs had a bad reputation throughout the town. The court qualified these bills by stating that the state's witness, Beckham, testified that while the girl was with the appellant in his house, he, the witness, fondled her, which would tend to show her to be of questionable character, and the reputation of the houses where she stayed was admitted for the purpose of assisting the jury in passing upon the credibility of the appellant's wife. After a careful examination of these bills, we are of the opinion that the court was in error in the admission of this testimony and that the state could not impeach the credibility of the appellant's wife by showing that she had remained a night or two at a hotel or a place of questionable reputation. In the case of Ballard v. State, 71 Tex. Crim. Rep. 587, 160 S. W. 716, this court, through Judge Davidson, said:

"Proof that appellant or any other witness in the case associated with lewd women or kept bad company is not admissible for the purpose of impeachment," citing Holsey v. State, 24 Tex. Crim. App. 42, and many other authorities.

There are several bills of exceptions complaining of the closing argument of the district attorney and contending that said argument was an attempt to state facts not in evidence and was very prejudicial to the appellant. In view of the disposition we have made of this case, it is unnecessary to discuss these bills in detail, as the same questions are not likely to arise upon another trial.  It might not be amiss to state, however, that the objections to said argument are not wholly without merit.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.        *Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.