### ROSE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 13, 1917.
Rehearing Denied March 19, 1917.)

No. 2819.

1. RAPE ⬙40(5)—PROSECUTION—EVIDENCE.
  On the trial of an indictment for having carnal knowledge of a female child under 16 years of age, evidence to show the moral character of the prosecutrix 2 years after the alleged offense was immaterial.
  [Ed. Note.—For other cases, see Rape, Cent. Dig. § 59.]

⬙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. CRIMINAL LAW ⚫⚬1043(2)—APPEAL—ADMISSION OF EVIDENCE—SUFFICIENCY OF OBJECTION.

    An objection to evidence in general terms as irrelevant, immaterial, and incompetent is too general to be considered on error if in any possible circumstances it could be deemed, or could be made, relevant, material, or competent.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2654.]

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska; Charles E. Bunnell, Judge.

Criminal prosecution by the United States against J. P. Rose. Judgment of conviction, and defendant brings error. Affirmed.

Louis K. Pratt, of Fairbanks, Alaska, and Herman Weinberger, of San Francisco, Cal., for plaintiff in error.

R. F. Roth, U. S. Atty., of Fairbanks, Alaska, and John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge. The plaintiff in error was indicted and convicted of the crime of having carnal knowledge of one "Grace Carey, a female child, then under the age of 16 years, to wit, of the age of 12 years," the plaintiff in error being a male person over the age of 21 years. The indictment does not charge that the carnal knowledge was with the consent of the female child. A demurrer to the indictment raised the question whether the indictment was sufficient without this allegation. The demurrer was overruled, and this action of the court is assigned as error.

1. In Callahan v. United States, 240 Fed. 683, —— C. C. A. ——, recently decided in this court, that question was considered, and it was held that this objection to the indictment was without merit.

[1] 2. It is assigned as error that the trial court sustained objections made to questions asked of the prosecutrix tending to show her lascivious conduct in the summer of 1915 while a passenger on a river steamer in Alaska. In support of these questions it is said that they went to the moral character of the prosecutrix. The indictment charged the crime to have been committed on June 1, 1913, and such was the evidence. We do not think that the moral character of the prosecutrix in 1915, or, indeed, at any time, was material to the questions at issue before the court on this indictment.

[2] 3. The errors assigned relating to the action of the court in overruling objections to the testimony cannot be sustained. We think, upon the issues before the court, the questions were proper; but, if subject to objection, they were not properly reserved. Sparf & Hansen v. United States, 156 U. S. 51, 57, 715, 15 Sup. Ct. 273, 39 L. Ed. 343; Examiner Printing Co. v. Taggart Aston, 238 Fed. 459, —— C. C. A. ——, recently decided in this court.

4. The court instructed the jury as to the law, as follows:

"You are further instructed that it is the policy of our law, as expressed in the statute, that any female under the age of 16 years shall be incapable of consenting to the act of sexual intercourse, and that any one committing the act with a girl within that age shall be guilty of rape, notwithstanding he ob-

tained her consent thereto; and whether the girl in fact consented or resisted is immaterial in this case.

"In this case neither the element of force nor the question of consent has any application. The witness, Grace Carey, could not consent, and the law resists for her."

This instruction was correct. Callahan v. United States, supra. The judgment of the District Court is affirmed.