### REAGAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1913.)

No. 2,139.

1. CRIMINAL LAW (§ 635*)—BILL OF RIGHTS—RIGHT TO PUBLIC TRIAL—EXCLUSION OF SPECTATORS.

Defendant, in a prosecution for rape, was not deprived of a public trial by an order clearing the courtroom of spectators, but permitting all persons connected with the court, either as officers or members of the bar, and all persons in any manner connected with the case as witnesses, etc., to remain.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1452; Dec. Dig. § 635.*]

2. CRIMINAL LAW (§ 1169*)—APPEAL—EVIDENCE—PREJUDICE.

Where prosecutrix testified as to her own age, as did also her mother and the nurse who was present when she was born, and there was no credible evidence contradicting such proof, defendant was not prejudiced by the admission of an entry in a Bible of the date of her birth, alleged to have been made by prosecutrix's mother five weeks thereafter.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3088, 3130, 3137–3143; Dec. Dig. § 1169.*]

In Error to the District Court of the United States for the Fourth Division of the District of Alaska.

William Reagan was convicted of an offense, and he brings error. Affirmed.

T. C. West, Fernand de Journel, and Joseph T. Curley, all of San Francisco, Cal., and James Wickersham and J. E. Coffer, both of Fairbanks, Ala., for plaintiff in error.

John L. McNab, U. S. Atty., of San Francisco, Cal.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The plaintiff in error was convicted in the United States District Court for the Fourth District of the Terri-

tory of Alaska under an indictment which charged him with the crime of rape upon the body of one Violet Myers, a female person under the age of 16 years.

[1] The assignment of error principally relied upon is that the court, at the beginning of the trial, directed that the spectators should leave the courtroom; whereupon the bailiffs cleared the courtroom of spectators, and counsel for the plaintiff in error noted an exception to the court's order. The court then said:

"Your exception is granted. I made that order for the reasons, first, that I believe many are here out of morbid curiosity; second, I feel that the jurors in the box can listen to the testimony better if not bothered by people in the courtroom; and, in the third place, I am not feeling good myself this morning, and I can listen to the testimony of the witnesses and objections of counsel better than if I am bothered with noise in the courtroom. Counsel: I only want to object upon the ground that the defendant is entitled to a public trial. Court: He is getting a public trial except for those reasons. The record may show that it is upon my own motion, without any request from either side."

There is no provision of the Code of Alaska guaranteeing to the accused in a criminal case the right to a public trial; but the right of the plaintiff in error to demand a public trial is found in the sixth amendment to the Constitution, which provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial.

The question presented by the assignment of error is one upon which the authorities differ. In some of the decisions it is held that the exclusion of spectators from the courtroom is a violation of the defendant's constitutional right to a public trial, and that prejudice will in all cases be presumed therefrom. People v. Murray, 89 Mich. 276, 50 N. W. 995, 14 L. R. A. 809, 28 Am. St. Rep. 294; People v. Yeager, 113 Mich. 228, 71 N. W. 491; Tilton v. State, 5 Ga. App. 59, 62 S. E. 651; State v. Hensley, 75 Ohio St. 255, 79 N. E. 462, 9 L. R. A. (N. S.) 277, 116 Am. St. Rep. 734, 9 Ann. Cas. 108; People v. Hartman, 103 Cal. 242, 37 Pac. 153, 42 Am. St. Rep. 108. In the case last cited, however, the order was more stringent than the order in the case at bar; for it excluded "all persons except the officers of the court and the defendant." Other decisions hold that if the courtroom is barely large enough for the officers of the court, the witnesses, and the jurymen, or if spectators become disorderly or boisterous with laughter, so as to interfere with the court and confuse the witnesses, they may be excluded without depriving the defendant of his constitutional right. Kugadt v. State, 38 Tex. Cr. R. 681, 44 S. W. 989; State v. Callahan, 100 Minn. 63, 110 N. W. 342; Grimmett v. State, 22 Tex. App. 36, 2 S. W. 631, 58 Am. Rep. 630; Lide v. State, 133 Ala. 63, 31 South. 953; People v. Kerrigan, 73 Cal. 222, 14 Pac. 849. If, for the reasons given in the cases last referred to, the court may exclude spectators, we see no ground for holding that the court may not exclude them in a case such as the case at bar; for if the defendant in a criminal trial has the constitutional right to the presence of spectators in the courtroom at all times during the trial, and the deprivation of that right shall be presumed prejudicial to him, he ought not to be

deprived of it under any circumstances, no matter what may be the conduct of the spectators, since he is not responsible for their conduct. We think the better doctrine is that it is not reversible error to exclude the spectators as was done by the order of the court in the case at bar, when there is no showing whatever that the defendant was prejudiced thereby, or deprived of the presence, aid, or counsel of any person whose presence might have been of advantage to him. The constitutional provision for a public trial should be construed in a reasonable sense, and in view of the object thereby intended to be subserved. The mere denial of the literal right should not be held ground for reversing a judgment, unless it can be perceived that the defendant has been deprived of some benefit or advantage thereby.

The only conceivable benefit the defendant might have been deprived of by the order of the court in this case was the presence in the courtroom of a crowd of idle, gaping loafers, whose morbid curiosity would lead them to attend such a trial, and the consequent embarrassment and annoyance their presence might cause to the unfortunate girl who was called upon to testify to the story of the defendant's crime and her shame. Of the deprival of that benefit the defendant has no legal ground to complain. The trial was not, by the order of the court, rendered a secret trial. In a sense it was still a public trial. In addition to the court and jury, there were present in the courtroom the officers of the court, the witnesses for the government and for the defendant, and the counsel for the respective parties, and no members of the bar were excluded. These constituted a sufficient number of the public to see that the plaintiff in error was fairly dealt with and not unjustly condemned. In State v. Nyhus, 19 N. D. 326, 27 L. R. A. (N. S.) 487, 124 N. W. 71, the Supreme Court of North Dakota held that on a trial on the charge of rape the making and enforcing of an order excluding all persons from the courtroom, except all jurors, officers of the court, including attorneys, litigants, and their attorneys, witnesses for both parties, and any other person or persons whom the several parties to the action may request to remain, does not deprive the defendant of a public trial, within the statutory and constitutional provisions giving persons accused of crime the right to a speedy and public trial. Of those provisions the court said:

"They were enacted to make it forever impossible for public prosecutors or courts to continue the evils of secret trials as they formerly existed. * * * These provisions are held to be subject to a reasonable construction, and circumstances may arise where certain portions of the public may be excluded without impairing the defendant's rights under these provisions. For instance, it is conceded by text-writers and courts generally that persons of immature years may be excluded from the courtroom during the trial, where the evidence relates to scandalous, indecent, or immoral matters. Furthermore, the courtroom may be cleared to prevent interference with or obstruction of the due administration of justice."

In Benedict v. People, 23 Colo. 126, 46 Pac. 637, the court said:

"In a criminal case the trial must be public, not secret; but the public trial does not necessarily contemplate that every person whose morbid curiosity for indecent details draws him thither shall have that curiosity gratified by being permitted to be present in the courtroom to listen to the recital of disgusting facts."

[2] Error is assigned to the admission in evidence of an entry in a Bible, made by the mother of the prosecuting witness, stating the date of the latter's birth. The entry was made five weeks after the birth. It was objected to on the ground that the book was not a family Bible, and contained but a single entry. Aside from the evidence so admitted, there was ample proof of the age of the prosecuting witness. She testified as to her age, as also did her mother and the woman who, as a nurse, attended her mother at the time when the girl was born. There was no evidence worthy of consideration to contradict it. If there was error, therefore, in the admission of the entry in the Bible, it was harmless. People v. Slater, 119 Cal. 620, 51 Pac. 957. There are other assignments of error, but we find in none of them ground for reversing the judgment.

The judgment is affirmed.