## 8996

### STATE v. ADAMS.

#### (84 S. E. 368.)

CRIMINAL LAW. TRIAL. BASTARDY. EVIDENCE. CHARGE. APPEAL AND ERROR. NEW TRIAL.

1. CRIMINAL LAW—TRIAL.—The exclusion from the courthouse, during the trial of a bastardy case, of negroes and boys drawn thither by only prurient curiosity, is within the discretion of the trial Judge.

2. BASTARDS—TRIAL—EXCLUDING SPECTATORS.—In the absence of a showing of abuse of discretion, defendant cannot complaint that, during

his trial for bastardy, the Court excluded from the court room all negroes and boys.

3. BASTARDS—EVIDENCE—ACKNOWLEDGMENT.—An acknowledgment by defendant in bastardy, though made prior to birth of the child, tending to show his relations with prosecutrix and that he had opportunity of being the father, is admissible.

4. BASTARDS—BURDEN TO COUNTY—EVIDENCE.—It is enough, on a prosecution for bastardy, that there be facts and circumstances in evidence from which an inference can be drawn that the child is likely to become a burden to the county.

5. BASTARDS—APPEAL—EXCEPTION.—An exception, merely that the Court erred in giving a quoted charge, will not be considered; it not specifying wherein the charge was erroneous.

6. BASTARDS—"ACCOMPLICE"—CORROBORATION.—Prosecutrix in bastardy is not an "accomplice," whose testimony must be corroborated.

Before HON. C. J. RAMAGE, special Judge, Florence, March, 1914. Affirmed.

The defendant, Luke Adams, indicted for bastardy.

At the June, 1914, term of the Court of Sessions for Florence county the defendant was tried under this indictment. A jury was empaneled, and his Honor, Judge C. J. Ramage, upon learning that it was a bastardy case, ordered the Court room cleared of all negroes and boys. There were present the usual number of spectators. The prosecutrix and three witnesses testified for the State. Upon the indictment the jury returned a verdict of "guilty." A motion was made for a new trial on the grounds that the verdict was contrary to the law and evidence and because the verdict was not supported by the evidence. His Honor overruled the motion and pronounced sentence; the defendant appeals therefrom on the following exceptions:

It is respectfully submitted that his Honor, Judge C. J. Ramage, erred and invaded the right guaranteed to the

FOOTNOTE.—See notes in 9 Am. & Eng. Ann. Cas. 111, and 20 *Ib.* 632, and in 9 L. R. A. (N. S.) and 27 *Ib.* 487 as to right of Court to exclude the public from court room during a criminal trial.

accused by the Constitution of the United States and of this State, of a public trial, by putting "all the negroes and boys out of the courthouse" during the trial.

It is respectfully submitted that his Honor erred in permitting the witness, W. W. Floyd, to testify to an alleged "acknowledgment" prior to the birth of the child over the objection of defendant, because said alleged statement was made prior to the date of said birth of the child.

It is respectfully submitted that his Honor erred in refusing to defendant a new trial upon the ground that there was no scintilla of evidence that the child was likely to become a burden to the county.

It is respectfully submitted that his Honor erred in charging the jury as follows: "I charge you that it is for you to say whether or not you will take the testimony of the prosecutrix, whether or not you will believe her. That is a matter entirely for you. I charge you that in a prosecution of any kind in a Court of Sessions the only matter is to find out what is the truth of the matter. The jury may in its discretion believe one witness in preference to a dozen. A witness in a matter of this kind does not have to be corroborated. If you believe a party is telling the truth you may accept the statement of that witness in preference to the others. * * *"

Mr. Early: "I would ask your Honor to charge the jury that a verdict may be had on the uncorroborated testimony of the mother." The Court: "Yes, I have already practically charged that." Because,

(a) It is reversible error for the trial Judge to charge the jury that a conviction may be had upon the uncorroborated testimony of the prosecutrix in a bastardy proceeding, it being respectfully submitted that it is the *duty* of the trial Judge to *advise* the jury against a conviction upon the uncorroborated testimony of the prosecutrix.

(b) Said above quoted charge invaded the province of the jury in violation of the constitutional inhibition, being a charge in respect to matter of fact, in that it advised the jury how to weigh and consider the evidence.

*Messrs. Arrowsmith & Whitehead,* for appellant, cite: *First exception:* Cooley Const. Lim. (6th ed.), p. 379; 62 S. E. 654. *Prosecutrix particeps criminis:* 60 S. C. 527; *Charge law of case:* 16 S. C. 13. *Uncorroborated testimony of prosecutrix:* 60 S. C. 527; 26 S. C. 207; 85 S. C. 278. *Advice to jury:* 56 S. C. 524.

*Messrs. C. E. Earley* and *D. Gordon Baker,* for respondent.

February 11, 1915.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

The defendant was convicted under an indictment charging him with being the father of a bastard child.

The prosecutrix and three other witnesses testified for the State.

The defendant did not testify, nor offer any testimony.

He appealed upon exceptions, which will be reported.

The first exception cannot be sustained, for the reason that it has not been made to appear that the discretion of his Honor, the presiding Judge, was erroneously exercised.

The second exception must be overruled, for the reason that the testimony tended to show the relations between the defendant and the mother of the child, and that he had the opportunity of being the child's father.

The third exception cannot be sustained, as there were facts and circumstances from which the inference could be drawn that the child was likely to become a burden to the county.

The fourth exception will not be considered, as it fails to specify in what particulars the charge therein quoted was erroneous.

The fifth exception cannot be sustained, for the reason that the prosecutrix did not occupy towards the defendant the relation of an accomplice.

Appeal dismissed.