## CALLAHAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1917.)

No. 2845.

1. RAPE ☞31—STATUTORY RAPE—INDICTMENT.

An indictment for rape upon a girl under the age of consent is not defective for failure to allege that the act was done with her consent.

[Ed. Note.—For other cases, see Rape, Cent. Dig. § 34.]

2. CRIMINAL LAW ☞635—TRIAL—EXCLUSION OF SPECTATORS.

In a prosecution for rape on a girl under the age of consent, the exclusion from the courtroom of all persons save litigants, witnesses, jurors, counsel, officers of the court, and representatives of the press is not an abuse of the trial court's discretion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1452.]

3. CRIMINAL LAW ☞366(3)—EVIDENCE—RES GESTÆ.

In a prosecution for rape upon a girl under the age of consent, testimony that the girl informed a girl acquaintance and friend, whom she met on the street shortly after leaving the place of the act, of the circumstances, and that she had received compensation, is not admissible as part of the res gestæ, it appearing that the act complained of was not the first act of the kind, and the statement being in the nature of interesting information between intimate friends, instead of a spontaneous exclamation produced by shock, etc.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 819.]

4. CRIMINAL LAW ☞1169(1)—APPEAL—HARMLESS ERROR.

In such case, where accused contradicted the girl, the two being the only witnesses as to the act, the admission of evidence as to her statement cannot be deemed harmless.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3137.]

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska; Charles E. Bunnell, Judge.

Daniel Callahan was convicted of rape on a girl under the age of consent, and he brings error. Reversed and remanded.

Charles J. Heggerty, of San Francisco, Cal., Thomas McGowan, John A. Clark, and Leroy Tozier, all of Fairbanks, Alaska, for plaintiff in error.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. [1] The plaintiff in error was convicted of the crime of rape committed upon a girl under the age of consent. It is contended that the court below erred in overruling a demurrer to the indictment for its failure to allege that the act was done "with her consent." We find no merit in the contention. 33 Cyc. 1444, and cases there cited.

[2] All persons who had no business before the court were by the order of the court excluded from the courtroom during the trial, but litigants, witnesses, jurors, counsel, officers of the court, and representatives of the newspapers were allowed to be present. The order

was excepted to, and is now assigned as error. We think the order was a permissible exercise of the discretion of the court. Reagan v. United States, 202 Fed. 488, 120 C. C. A. 627, 44 L. R. A. (N. S.) 583.

[3] The only assignment of error that requires extended discussion relates to the admission of certain testimony of one Laura Herrington, a girl of the age of 14 years, who was the playmate and confidential friend of Grace Carey, the victim of the alleged offense. Grace Carey had testified that the offense was committed in the house of the plaintiff in error, whither she had gone pursuant to an appointment with him for that purpose, and that she consented willingly to his act; that she had had intercourse with him on several occasions during the preceding 4 or 5 years; that she was in the house but a short time, and that when she left, the plaintiff in error gave her $3; that soon after going upon the street she met Laura Herrington, and told her what had occurred. Laura Herrington, over the objection of the plaintiff in error, was permitted to testify that Grace Carey told her what the plaintiff in error had done, and exhibited to her the money which she said he had given her. This testimony was received for the purpose of corroborating the testimony of Grace Carey, and the court instructed the jury that if they believed beyond a reasonable doubt that Grace Carey made the statement so testified to, at her first opportunity to tell any person, and that the statement was made immediately after leaving the house of the plaintiff in error, it might be considered by the jury as a corroborating circumstance tending to sustain the truth of the testimony of Grace Carey as to what had just transpired between her and the plaintiff in error. The testimony, although it was hearsay, is claimed by the government to have been admissible as part of the res gestæ. The principle on which testimony of the nature of exclamations or remarks made by the victim of an offense, at or immediately after the time of its occurrence, is said, in 3 Wigmore, § 1747, to be—

"based on the experience that under certain external circumstances of physical shock, a stress of nervous excitement may be produced which stills the reflective faculties and removes their control so that the utterance which then occurs is a spontaneous and sincere response to the actual sensations and perceptions already produced by the external shock."

Again, in section 1749, the same author says:

"The statement must have been made under circumstances calculated to give some special trustworthiness to it; * * * that in the stress of nervous excitement the reflective faculties may be stilled, and the utterance may become the unreflecting and sincere expression of one's actual impressions and belief. The utterance, it is commonly said, must be 'spontaneous,' 'natural.' 'impulsive,' 'instinctive,' generated by an excited feeling, which extends without let or breakdown from the moment of the event they illustrate."

In State v. Pollard, 174 Mo. 607, 74 S. W. 969, it was held that the exclamations of the parties at the time of the commission of the main act, or so nearly at the time of the act as to form part of it, are admissible. In Valdez v. State, 71 Tex. Cr. R. 487, 160 S. W. 341, it was held that declarations made by a girl to her mother not more than 15 or 20 minutes after the alleged offense, and while she was laboring under the excitement of the incident, are admissible. But in Douglas v. State, 73 Tex. Cr. R. 385, 165 S. W. 933, it was held that statements

made by a girl of 8 years of age, on her way home after the occurrence, were not admissible. In McMurrin v. Rigby, 80 Iowa, 322, 45 N. W. 877, statements made under the influence of mental excitement, and within such time after the act, and under such circumstances as to preclude the element of premeditation, were held admissible. In State v. Imlay, 22 Utah, 156, 61 Pac. 557, it was held proper to admit evidence of the statements of the prosecutrix to one who was in sight at the time when the offense was being committed, and to whom she immediately went crying. But in Williams v. State, 66 Ark. 264, 50 S. W. 517, the court excluded evidence of statements made by the prosecutrix 15 minutes after the offense, not made spontaneously, under the excitement caused by the assault, but in answer to the question why she was crying. In State v. Novak, 151 Iowa, 536, 132 N. W. 26, evidence of statements of the prosecutrix, made immediately after the offense, and made in distress and as the result of excitement and without opportunity for premeditation, was held admissible. In State v. Sargent, 32 Or. 110, 49 Pac. 889, it was held that the mother of the prosecutrix might testify as to her manner and the appearance and the condition of her person shortly after the alleged assault, and to the fact that she made a disclosure, but that the mother might not state what the injured girl told her about the alleged assault, the court holding that such testimony was simply hearsay, a narrative of a past event, and not the language of the emotion caused by the occurrence.

[4] In the case at bar there is entire absence of circumstances to justify the admission of testimony such as that given by Laura Herrington. The statement of which she testified was made to her, not as a complaint, not as the expression of outraged feeling, not under excitement produced by an external shock, but purely as a matter of interesting information in a casual conversation between two intimate friends. It cannot be said that its admission was harmless error, for the plaintiff in error and Grace Carey were the only witnesses who testified concerning what transpired between them. Their testimony was sharply contradictory, and the evidence of Laura Herrington was admitted for the purpose of corroborating the testimony of Grace Carey.

The judgment is reversed, and the cause is remanded for a new trial.