**UNITED STATES of America, Plaintiff,**

v.

**Ralph GEISE, Defendant.**

Crim. No. 2329.

District Court, Alaska, Third Division, Nome.

Feb. 27, 1958.

William T. Plummer, U. S. Atty., Anchorage, Alaska, for plaintiff. .

Arthur D. Talbot, Anchorage, Alaska, for defendant.

HODGE, District Judge.

Defendant has moved to vacate and set aside the judgment and sentence imposed upon him in this case on April 28, 1950, for the crime of statutory rape upon a minor child of the age of eight years, under the provisions of Sec. 2255 of Title 28 U.S.C., upon the grounds that the sentence was imposed in violation of the Constitution of the United States in that defendant was denied the public trial guaranteed him by the Sixth Amendment to the Constitution.

The pertinent facts as disclosed by the record are as follows: at the time of trial, and apparently after a jury had been selected but before any evidence had been offered, the following proceedings were had:

"Mr. Moody: If the Court please, at this time I would like to ask that all spectators be excluded during the trial of this case for the reason that the prosecuting witness is only of the age of nine years and would be very reluctant and frightened to testify in the presence of so many people out in front. And there are two other witnesses, one of the age of seven, and eleven years, and I believe this is a just case where the spectators should be excluded and it is a case involving rape.

"The Court: Do you have anything you wish to say, Mr. Olsen?

"Mr. Olsen: Well, Your Honor, of course the rule is well known that cases have been widely decided that the defendant is entitled to a public trial and under the circumstances I can see no reason why the Court, if it had a mind to, would make such a ruling—would grant the request of the United States Attorney.

"The Court: Well, he is not deprived of a public trial merely by the exclusion of spectators.

"Mr. Olsen: I would say that it might be possible for the Court to limit some type of spectators, possibly such as minors or persons in

their minority, but I don't believe that the Court should limit—not limit—but keep out other spectators who are in their majority.

"The Court: Well, minors are always excluded from cases of this kind, so that would be insufficient to meet the motion made by the United States Attorney. I think that in view of the tender years of the prosecuting witness and other one of the witnesses referred to by the United States Attorney and the difficulty of obtaining testimony from them before a large audience I think that it would be in the furtherance of justice to grant the motion and therefore the Court grants the motion. All spectators or members of the audience except members of the press, members of the bar, relatives and close friends of the defendant and of the prosecuting witness, or any other witness underage and witnesses generally are excluded from the court room. So, unless you fall within one of the classes just mentioned, every spectator will be excluded during this trial and they should clear the court room."

This order was carried out by a United States Deputy Marshal, who excluded the general public from the balance of the trial with the exception of those persons and groups allowed to be present by the order of the Court.

Following his conviction and sentence, the defendant moved the Court for a new trial upon the grounds that the Court erred in granting the Government's motion to exclude the public from the trial of such case. This motion was submitted to the trial judge, Hon. George W. Folta, upon briefs submitted by both parties, raising substantially the same points and authorities as relied upon here, and was denied by the Court. (J. G 22, page 203, July 27, 1950.) Defendant gave written notice of appeal from such judgment stating as grounds that the Court erred in excluding the public from the trial, accompanied by his petition and affidavit for permission to proceed in the prosecution of the appeal in forma pauperis. The Court denied such on the grounds that "the facts, or the record, does not present any substantial question" (J. G. 22, page 229, Aug. 11, 1950). The Court did not certify in writing that the appeal was not taken in good faith, as required by Sec. 1915(a), Title 28 U.S.C.

The defendant took no further action until the filing of the present motion, over seven years later. He is still confined in the United States Penitentiary at McNeil Island, Washington, in execution of such sentence.

■ It is settled law that Sec. 2255 is not intended as a substitute for an appeal from a judgment of conviction and sentence, and that this remedy may not be used to review alleged errors of law which occurred during the trial, which could have been considered by the Appellate Court on appeal, even though such errors related to Constitutional rights. Burdix v. United States, 9 Cir., 1956, 231 F.2d 893, certiorari denied 351 U.S. 975, 76 S.Ct. 1041, 100 L.Ed. 1492; Hickman v. United States, 8 Cir., 1957, 246 F.2d 178, 181; Davis v. United States, 7 Cir., 214 F.2d 594, 596; United States v. Trumblay, 7 Cir., 234 F.2d 273, 275.

■ In exceptional cases a defendant may be deprived of Constitutional rights under such circumstances as justify a review of the proceedings in a collateral attack of this nature, where there has been clearly a fundamental miscarriage of justice for which no other remedy is presently available, or the denial of the substance of a fair trial. Hill v. United States, 6 Cir., 223 F.2d 699 (holding, however, that the question here raised was subject to review on appeal and hence not one of such exceptional cases); Howell v. United States, 4 Cir., 172 F.2d 213, 215; Meyers v. United States, 86 U.S.App.D.C. 320, 181 F.2d 802; United States v. Hamilton, D.C., 97 F.Supp. 123. See also United States v. Meyers, D.C. Alaska, 139 F.Supp. 724, quoting from Pulliam v. United States, 10 Cir., 178 F.2d 777.

■ I am unable to find that the circumstances here constitute such an exceptional case, for the reason that the interpretation of the Constitutional right to a public trial in cases of this character has been determined adversely to the contention of the defendant, in this jurisdiction.

Ordinarily the Sixth Amendment precludes the general exclusion of the public from the trial of a case over the objection of the defendant, and limits the trial judge to the exclusion of those persons or classes of persons whose particular exclusion is justified by lack of space or for reasons particularly applicable to them. United States v. Kobli, 3 Cir., 172 F.2d 919, 923; Davis v. United States, 8 Cir., 247 F. 394; Tanksley v. United States, 9 Cir., 145 F.2d 58, 156 A.L.R. 257. In such cases it is held that prejudice is implied. Davis v. United States, supra; Tanksley v. United States, supra.

However, the excluding of spectators in a prosecution for statutory rape in which the prosecuting witness is of tender age has been held proper, in the discretion of the Court, in order to prevent a miscarriage of justice. Davis v. United States, supra; Annotations 156 A.L.R. 265, 289; 48 A.L.R. 265; State v. Holm, 67 Wyo. 360, 224 P.2d 500, 509; United States v. Kobli, supra, 172 F.2d at page 922.

■ The reason for such exception is that although the Constitutional right of public trial is a substantial one, the term "public" is a relative one, and its construction depends upon various conditions and circumstances; and the courts generally concede that the right to have members of the public present in a case of this character is subject to some limitations. Hence a trial judge in the exercise of a sound discretion may exclude members of the public as may become reasonably necessary in order to protect a witness from embarrassment by reason of having to testify to delicate or revolting facts, as a child, or where it is demonstrated that the one testifying cannot, without being freed from such embarrassment, testify to facts material to the case.

There is considerable conflict of authorities as to the application of this principle. Some courts have limited the exclusion order to youthful spectators; others to the exclusion of spectators only during the testimony of such child. However, the principle has been extended by the Circuit Court of Appeals for this Circuit in three cases from Alaska which are controlling here. In the case of Reagan v. United States, 9 Cir., 202 F. 488, on appeal from a judgment and conviction of statutory rape, the Court held that an order of the trial court excluding spectators from the courtroom was not error where there was no showing that the defendant was prejudiced thereby. In the case of Callahan v. United States, 9 Cir., 240 F. 683, the Court held that in a prosecution for statutory rape of a girl under the age of consent, it was not error to exclude from the courtroom all persons except litigants, witnesses, officers of the court, and the press, as violative of the Sixth Amendment, following the Reagan case. In the case of Tanksley v. United States, supra, 1944, [145 F.2d 62] the Court refused to extend this rule on appeal from a conviction of rape of a married woman, 19 years of age, where the issue of consent was raised, and holds that an exclusion order was error in a prosecution of this character as violative of the right of public trial. Judge Denman, in the majority opinion, disagrees with the dictum in the Reagan case to the effect that upon denial of the Constitutional right to a public trial, the burden falls on the defendant to show that he was prejudiced by the denial, but agrees with the decision of the Eighth Circuit in Davis v. United States, supra. Judge Wilbur, in a dissenting opinion, takes issue with the majority in some respects, stating that the true rule as to the fair and reasonable construction of the right of public trial was stated by Judge Cooley in his work on Constitutional Limitations as follows:

"The requirement of a public trial is for the benefit of the accused,—that the public may see that he is fairly dealt with, and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility, and to the importance of their functions; and the requirement is fairly observed if, without partiality or favoritism, a reasonable proportion of the public is suffered to attend, notwithstanding that those persons whose presence could be of no service to the accused, and who would only be drawn hither by a prurient curiosity, are excluded altogether."

Where the District Court denied an application to proceed on appeal in forma pauperis without certifying that the appeal was not taken in good faith, or for any reason other than lack of good faith, application could and should have been made to the Circuit Court of Appeals for such leave. Smith v. Johnston, 9 Cir., 1940, 109 F.2d 152, 155; Bayless v. Johnston, 9 Cir., 127 F.2d 531. In such case the Court of Appeals is authorized by 28 U.S.C. § 1915(b) to direct, in a proper case, that the expense of furnishing a record on appeal to an indigent defendant be paid by the United States. Young v. United States, 8 Cir., 246 F.2d 901; Ingersoll v. United States, 6 Cir., 175 F.2d 191. In such case the Circuit Court may grant leave to submit the appeal upon the original files of the District Court and a typewritten brief, or typewritten transcript if necessary. Rule 10, Rules of the United States Court of Appeals for the Ninth Circuit, 28 U.S.C. Since the defendant raised only questions of procedure a transcript of the testimony would have been unnecessary. Bistram v. United States, 8 Cir., 248 F.2d 343. Hence the right to appeal was not denied the defendant, as earnestly contended by counsel, under the decision of the United States Supreme Court in the case of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, where a state court refused to allow a petition of the defendant to provide him with a transcript of the proceedings in order to perfect his appeal.

As there is no issue of fact for determination requiring notice to the defendant and an opportunity to be heard, and as the files and records of the case conclusively show that the prisoner is entitled to no relief, no notice or hearing is required.

The motion must therefore be denied.

Dated at Nome, Alaska, this 27th day of February, 1958.