Ralph GEISE, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16048.

United States Court of Appeals
Ninth Circuit.

Dec. 12, 1958.

Arthur D. Talbot, Anchorage, Alaska, Edgar Paul Boyko, Los Angeles, Cal., for appellant.

William T. Plummer, U. S. Atty., George F. Boney, Asst. U. S. Atty., Anchorage, Àlaska, for appellee.

Before MATHEWS, HEALY and POPE, Circuit Judges.

MATHEWS, Circuit Judge.

On April 11, 1950, in the District Court for the Territory of Alaska, Third Division, hereafter called the Alaska court, appellant, Ralph Geise, was indicted under §§ 65–4–12 and 65–4–13 of Alaska Compiled Laws Annotated, 1949,[1] for raping an eight-year-old girl, hereafter called the prosecutrix. Appellant was arraigned, pleaded not guilty, had a jury trial and was found guilty as charged. Thereupon, on April 28, 1950, the Alaska court entered a judgment sentencing appellant to be imprisoned for the term of his natural life. A motion for a new trial was filed by appellant on May 2, 1950, and was denied by the Alaska court on July 27, 1950. On August 3, 1950, appellant appealed from the Alaska court's judgment of April 28, 1950, by filing with the clerk of the Alaska court a notice of appeal in duplicate.[2] That appeal was not prosecuted.[3] No record on it was filed with this court, nor was it docketed. No extension of the time for such filing and docketing was sought or obtained. That time expired on September 12, 1950.[4]

---

1. Sections 65–4–12 and 65–4–13 provided:
   "§ 65–4–12. Rape. That whoever has carnal knowledge of a female person, forcibly and against her will, or, being sixteen years of age, carnally knows and abuses a female person under sixteen years of age, with her consent, is guilty of rape.
   "§ 65–4–13. —— Punishment. That a person convicted of rape upon * * * a female person under twelve years of age, shall be imprisoned in the penitentiary during life; * * * *".

2. See Rule 37(a) (1) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

3. On August 7, 1950, appellant applied to the Alaska court for leave to prosecute in forma pauperis his appeal from the Alaska court's judgment of April 28, 1950. The Alaska court denied that application on August 11, 1950, but did not certify that appellant's appeal was not taken in good faith. Appellant did not at any time apply to this court for leave to appeal in forma pauperis from any judgment of the Alaska court or for leave to prosecute in forma pauperis any appeal from any such judgment.

4. See Rule 39(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

On March 15, 1951, and at all times thereafter, appellant was a prisoner in custody under his aforesaid sentence and was an inmate of the United States penitentiary on McNeil Island in the Southern Division of the Western District of Washington. On March 15, 1951, appellant applied to the United States District Court for the Western District of Washington, Southern Division, hereafter called the Washington court, for a writ of habeas corpus.[5] An order dismissing that application was entered by the Washington court on March 21, 1951. No appeal was taken from that order.[6] The time for taking such an appeal expired on April 30, 1951.[7]

On January 3, 1958, appellant moved the Alaska court to vacate and set aside his sentence—a motion under 28 U.S.C.A. § 2255.[8] Briefs in support of the motion were filed by appellant. A brief in opposition thereto was filed by appellee, the United States. The Alaska court filed an opinion[9] and a supplemental opinion[10] and, on April 9, 1958, entered an order denying the motion. From that order appellant has appealed.

■ The question presented is whether the Alaska court erred in denying the motion to vacate and set aside appellant's sentence. The stated ground, and the only stated ground, of the motion was that the sentence "was imposed in violation of the Constitution of the United States in that defendant [appellant] was denied the public trial guaranteed him by the Sixth Amendment of the Consti-

---

5. The application for a writ of habeas corpus was called a petition. The proceeding thereby instituted was entitled "Ralph Geise, Petitioner, vs. J. Howard McGrath, Attorney General of the United States, et al., Respondents."

6. On March 29, 1951, appellant applied to the Washington court for leave to appeal in forma pauperis from the Washington court's order of March 21, 1951. On April 12, 1951, the Washington court denied that application and certified that it was not made in good faith. On May 7, 1951, appellant applied to a judge of this court for leave to appeal in forma pauperis from the Washington court's order of March 21, 1951. That application was treated as having been made to this court. An order denying that application was entered by this court on May 24, 1951. In this court's order of May 24, 1951, appellant's application to a judge of this court for leave to appeal in forma pauperis from the Washington court's order of March 21, 1951, was called "the application of the petitioner, Ralph Geise, for leave to prosecute an appeal in this court in forma pauperis" and was also called "said application and motion," and the Washington court was called "the trial court" and was said to have "certified in writing that said appeal is not taken in good faith." Actually, no appeal was ever taken from the Washington court's order of March 21, 1951. What the Washington court certified was that appellant's application to the Washington court for leave to appeal in forma pauperis from the Washington

court's order of March 21, 1951, was not made in good faith. The Washington court's certificate did not, nor did this court's order of May 24, 1951, mention or refer to the Alaska court or any appeal from the Alaska court.

7. See 28 U.S.C.A. § 2107.

8. Section 2255 provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. * * * "

9. United States v. Geise, D.C.Alaska, 158 F.Supp. 821.

10. United States v. Geise, D.C.Alaska, 167 F.Supp. 775. In its supplemental opinion, the Alaska court discussed this court's order of May 24, 1951. In that discussion, the Alaska court appears to have assumed that the trial court mentioned in this court's order was the Alaska court; that the appeal mentioned in this court's order was an appeal from the Alaska court; and that the certificate mentioned in this court's order was a certificate of the Alaska court. These assumptions were incorrect. See footnotes 3 and 6.

tution."[11] That appellant had a trial is undisputed. The question is whether his trial was a public trial. The record shows the following facts:

Six witnesses testified at appellant's trial. The first witness was the prosecutrix, then aged nine years.[12] The next two witnesses were girls, aged respectively seven years and eleven years. The remaining witnesses were adults. After the jury was impaneled and before any witness was called, the following colloquy occurred:

"Mr. Moody:[13] If the Court please, at this time I would like to ask that all spectators be excluded during the trial of this case for the reason that the prosecuting witness is only of the age of nine years and would be very reluctant and frightened to testify in the presence of so many people out in front. And there are two other witnesses, one of the age of seven, and eleven years,[14] and I believe this is a just case where the spectators should be excluded and it is a case involving rape.

"The Court: Do you have anything you wish to say, Mr. Olsen?

"Mr. Olsen:[15] Well, Your Honor, of course the rule is well known that cases have been widely decided[16]

that the defendant is entitled to a public trial and under the circumstances I can see no reason why the Court, if it had a mind to, would make such a ruling—would grant the request of the United States Attorney.

"The Court: Well, he is not deprived of a public trial merely by the exclusion of spectators.

"Mr. Olsen: I would say that it might be possible for the Court to limit some type of spectators, possibly such as minors or persons in their minority, but I don't believe that the Court should limit—not limit—but keep out other spectators who are in their majority.

"The Court: Well, minors are always excluded from cases of this kind, so that would be insufficient to meet the motion made by the United States Attorney. I think that in view of the tender years of the prosecuting witness and [an]other one of the witnesses[17] referred to by the United States Attorney and the difficulty of obtaining testimony from them before a large audience I think that it would be in the furtherance of justice to grant the motion and therefore the court grants the motion.[18] All spectators or members

11. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *."

12. The prosecutrix was eight years old at the time she was alleged to have been raped, but was nine at the time of appellant's trial.

13. Assistant United States Attorney Ralph E. Moody, appellee's counsel.

14. Meaning, obviously, one of the age of seven years and one of the age of eleven years.

15. Mr. William H. Olsen, appellant's counsel.

16. At no time during this colloquy did appellant's counsel mention or refer to the Constitution of the United States or any Amendment thereof.

17. Actually, there were three witnesses of tender years—one aged seven, one (the prosecutrix) aged nine and one aged eleven.

18. Actually, the motion was granted in part only. The motion was that all spectators be excluded. Instead of excluding them all, the court permitted ten classes of spectators to remain in the courtroom—(1) members of the press, (2) members of the bar, (3) relatives of appellant, (4) close friends of appellant, (5) relatives of the seven-year-old witness, (6) close friends of the seven-year-old witness, (7) relatives of the nine-year-old witness, (8) close friends of the nine-year-old witness, (9) relatives of the eleven-year-old witness and (10) close friends of the eleven-year-old witness.

of the audience except members of the press, members of the bar, relatives and close friends of the defendant [appellant] and of the prosecuting witness, or any other witness under age and witnesses generally are excluded from the courtroom. So, unless you fall within one of the classes just mentioned, every spectator will be excluded during this trial and they should clear the courtroom."

Accordingly, all spectators [19] were excluded except those who were members of the press or were members of the bar or were relatives of appellant or were close friends of appellant or were relatives of the seven-year-old witness or were close friends of the seven-year-old witness or were relatives of the nine-year-old witness or were close friends of the nine-year-old witness or were relatives of the eleven-year-old witness or were close friends of the eleven-year-old witness. Because of the exclusion, appellant contends that his trial was not a public trial.

Upon the authority of Reagan v. United States, 9 Cir., 202 F. 488, and Callahan v. United States, 9 Cir., 240 F. 683,[20] we reject this contention and hold that, despite the exclusion, appellant's trial was a public trial.

Reagan was convicted of raping a fourteen-year-old girl, the prosecutrix in the Reagan case. The record in that case shows that sixteen witnesses testified at Reagan's trial—the fourteen-year-old prosecutrix[21] and fifteen adults. At the beginning of that trial, before any witness was called, the trial court made an order excluding from the courtroom all

spectators except members of the bar. Because of the exclusion, Reagan contended that his trial was not a public trial. Rejecting that contention, this court, in effect, held that, despite the exclusion, Reagan's trial was a public trial. That holding has not been reversed or overruled.

Callahan was convicted of raping a fourteen-year-old girl, the prosecutrix in the Callahan case. The record in that case shows that nine witnesses testified at Callahan's trial—the prosecutrix, then aged fifteen,[22] a girl aged fourteen and seven adults. At the beginning of that trial, before any witness was called, the trial court made an order which, in effect, excluded from the courtroom all spectators except members of the press and members of the bar. Because of the exclusion, Callahan contended that his trial was not a public trial. This court, citing Reagan v. United States, supra, rejected that contention and, in effect, held that Callahan's trial was a public trial. That holding has not been reversed[23] or overruled.

It will be noted that all three of the children who testified in the instant case were younger than the child who testified in the Reagan case and younger than either of the two children who testified in the Callahan case, and that the exclusion order in the instant case was less sweeping than that in the Reagan case or the Callahan case. Thus the propriety of the exclusion order was even clearer and more obvious in the instant case than in the Reagan case or the Callahan case.

In support of his contention that his trial was not a public trial, appellant

19. As used in this opinion, the term "spectators" does not include jurors, witnesses, parties to the case on trial, counsel in the case, court officers or persons having business with the court.

20. Reagan and Callahan were indicted, tried, convicted and sentenced in the District Court for the Territory of Alaska, Fourth Division.

21. The record in the Reagan case shows that the prosecutrix in that case was

fourteen years and five months old at the time she was alleged to have been raped and was fourteen years, six months and seventeen days old at the time of Reagan's trial.

22. The record in the Callahan case shows that the prosecutrix in that case was fourteen years old at the time she was alleged to have been raped, but was fifteen at the time of Callahan's trial.

23. Callahan's conviction was reversed on other grounds.

cites Tanksley v. United States, 9 Cir., 145 F.2d 58, 156 A.L.R. 257;[24] Davis v. United States, 8 Cir., 247 F. 394, 395;[25] and United States v. Kobli, 3 Cir., 172 F.2d 919.[26] Actually, as we shall show, none of these cases supports appellant's contention.

Tanksley was convicted of raping a nineteen-year-old married woman, the prosecutrix in the Tanksley case. The record in that case shows that nine witnesses testified at Tanksley's trial—the prosecutrix and eight others, all adults. At the beginning of that trial, before any witness was called, the trial court made an order which, in effect, excluded from the courtroom all spectators except members of the press and Tanksley's father and brother. Because of the exclusion, Tanksley contended, and this court held, that Tanksley's trial was not a public trial. However, this court did not, in the Tanksley case, reverse, overrule or disapprove its holding that Reagan's trial was a public trial or its holding that Callahan's trial was a public trial.[27]

The Tanksley case was and is distinguishable from the Reagan case, the Callahan case and the instant case in that no child testified in the Tanksley case, whereas, one child testified in the Reagan case, two children testified in the Callahan case, and three children testified in the instant case. The Tanksley case is further distinguishable from the instant case in that the exclusion order in the Tanksley case was far more sweeping than that in the instant case. Obviously, the Tanksley case is not in point here.

Neither the Davis case nor the Kobli case was a rape case. Davis was convicted of a crime which "had connection with a train robbery." Kobli was convicted of violating and conspiring to violate the Mann Act.[28] It does not appear that any child testified in either of these cases. Hence neither of them is in point here.

As indicated above, the exclusion order in the instant case was made before any witness was called. The first three witnesses were children aged, respectively, seven years, nine years and eleven years. After the children had testified, three adults testified. Thereafter the case was argued and the jury was charged. It does not appear that any spectator or would-be spectator sought admission to the courtroom after the children had testified, nor does it appear that appellant requested the court to permit such admission. Much less does it appear that such a request was denied.

Holding, as we do, that appellant was not denied a public trial, we need not decide whether appellant, if such a denial had occurred would have had the burden of showing that he was prejudiced thereby.[29]

The Alaska court's opinion [30] correctly states:

"Ordinarily the Sixth Amendment precludes the general exclusion of the public from the trial of a case over the objection of the defendant, and limits the trial judge to the exclusion of those persons or classes of persons whose particular exclusion is justified by lack of space or for reasons particularly applicable to them. * * *

24. Tanksley was indicted, tried, convicted and sentenced in the District Court for the Territory of Alaska, Fourth Division.

25. Davis was indicted, tried, convicted and sentenced in the United States District Court for the Eastern District of Oklahoma.

26. Kobli was indicted, tried, convicted and sentenced in the United States District Court for the Middle District of Pennsylvania.

27. In the Tanksley case, this court cited and distinguished the Reagan case and the Callahan case, but expressed no opinion as to the correctness of its holding that Reagan's trial was a public trial or its holding that Callahan's trial was a public trial.

28. See 18 U.S.C.A. §§ 371, 2421 and 2422.

29. See, however, the Tanksley case, supra.

30. United States v. Geise, D.C.Alaska, 158 F.Supp. 821, 824.

"However, the excluding of spectators in a prosecution for statutory rape in which the prosecuting witness is of tender age has been held proper, in the discretion of the Court, in order to prevent a miscarriage of justice. * * *

"The reason for such exception is that although the Constitutional right of public trial is a substantial one, the term 'public' is a relative one, and its construction depends upon various conditions and circumstances; and the courts generally concede that the right to have members of the public present in a case of this character is subject to some limitations. Hence a trial judge in the exercise of a sound discretion may exclude members of the public as may become reasonably necessary in order to protect a witness from embarrassment by reason of having to testify to delicate or revolting facts, as a child, or where it is demonstrated that the one testifying cannot, without being freed from such embarrassment, testify to facts material to the case."

As indicated above, the stated reason for the exclusion order in the instant case was that, in view of the tender years of the prosecutrix and another witness and the difficulty of obtaining their testimony before a large audience, the Alaska court thought the exclusion was in the furtherance of justice. We hold that the exclusion was a proper exercise of the Alaska court's discretion and was not an abuse thereof.

Appellant says that the Alaska court erred in holding that appellant was not entitled to a public trial because he was being tried for statutory rape. There was no such holding.

 Appellant says that the Alaska court erred in instructing the jury;[31] in denying "appellant's petition for leave to appeal in forma pauperis;"[32] and in denying that "petition" without certifying that the appeal was not taken in good faith.[33] The questions thus attempted to be raised were not raised by the motion to vacate and set aside appellant's sentence and are not before us. Whether they could have been so raised need not be decided.

The motion to vacate and set aside appellant's sentence was properly denied.

The order denying it is affirmed.

---

31. The record does not show that appellant objected to any portion of the Alaska court's charge to the jury before the jury retired to consider its verdict. See Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

32. Meaning, we suppose, appellant's application to the Alaska court for leave to prosecute in forma pauperis his appeal from the Alaska court's judgment of April 28, 1950. See footnote 3.

33. The Alaska court's failure to so certify did not prejudice appellant, but benefited him by leaving the way open for him to apply to this court for leave to prosecute his appeal in forma pauperis. See 28 U.S.C.A. § 1915(a). Appellant lost that benefit by failing to apply to this court for such leave. See footnote 3.